**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TONI V WILSON, on behalf of herself and all others similarly situated,<br><br>    Plaintiff(s),<br><br>    -against-<br><br>PRESSLER, FELT & WARSHAW, LLP;<br>ABSOLUTE RESOLUTIONS<br>INVESTMENTS, LLC,<br><br>    Defendant(s). | Civil Case Number:<br><br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

## LOCAL CIVIL RULE 10.1 STATEMENT

The mailing addresses of the parties to this action are:

TONI V WILSON
25 Anchorage Court
Atlantic City, New Jersey 08401

PRESSLER, FELT & WARSHAW, LLP
7 Entin Road
Parsippany, New Jersey 07054

ABSOLUTE RESOLUTIONS INVESTMENTS, LLC
8000 Norman Center Drive, Suite 350
Bloomington, Minnesota 55437

## PRELIMINARY STATEMENT

1. Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that Defendants, PRESSLER, FELT & WARSHAW, LLP ("PRESSLER LAW"); ABSOLUTE RESOLUTIONS INVESTMENTS, LLC ("ABSOLUTE RESOLUTIONS") and JOHN DOES 1-25 their employees, agents and successors (collectively

"Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d). This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district because the acts of the Defendant that give rise to this action occurred in substantial part there.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq*., which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person, a resident of Atlantic County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      PRESSLER LAW maintains a location at 7 Entin Road, Parsippany, New Jersey 07054.

8.      ABSOLUTE RESOLUTIONS maintains a location at 8000 Norman Center Drive, Suite 350, Bloomington, Minnesota 55437.

9.      PRESSLER LAW uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debts and/or to regularly engage in the collection or attempt to collect debts asserted to be due or owed to another.

10.     ABSOLUTE RESOLUTIONS, directly or through its agents, uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debts.

11.     PRESSLER LAW is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6).

12.     ABSOLUTE RESOLUTIONS is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6).

13.     John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## **CLASS ACTION ALLEGATIONS**

14.     Plaintiff brings this action as a class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who Defendants collected or attempted to collect a debt from, in violation of the FDCPA, as described in this Complaint.

15.     This Action is properly maintained as a class action. The Class is initially defined as:

FDCPA
Class

- All New Jersey consumers who PRESSLER LAW filed a complaint against in the Superior Court of New Jersey after the consumer elected that any claim be submitted to arbitration rather than court, and which included the alleged conduct and practices described herein.

Subclass
- All New Jersey consumers who PRESSLER LAW filed a complaint against in the Superior Court of New Jersey on behalf of ABSOLUTE RESOLUTIONS after the consumer elected that any claim be submitted to arbitration rather than court, and which included the alleged conduct and practices described herein.

  The class definitions may be subsequently modified or refined.

  The Class periods begin one year to the filing of this Action.

13.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a

class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were subjected to the Defendant's conduct that violates specific provisions of the FDCPA. Plaintiff is complaining of a standard form conduct.

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.   These common questions of law and fact include, without limitation:

  a.    Whether the Defendants violated various provisions of the

         FDCPA;

  b.    Whether Plaintiff and the Class have been injured by the

         Defendants' conduct;

    c.      Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.      Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14.    Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15.    Sometime prior to August 1, 2023, WILSON allegedly incurred a financial obligation to WEBBANK.

16.    The obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transactions, was primarily for personal, family or household purposes.

17.    Plaintiff did not incur the WEBBANK obligation for business purposes.

18.    WILSON allegedly incurred the WEBBANK obligation in connection with a personal loan.

19.    The WEBBANK obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20.    WEBBANK is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21.    On or before August 1, 2023, the WEBBANK obligation was allegedly purchased by and/or sold to ABSOLUTE RESOLUTIONS INVESTMENTS, LLC ("ABSOLUTE RESOLUTIONS").

22.    On or before August 1, 2023, ABSOLUTE RESOLUTIONS, either directly or through an intermediary, assigned the WEBBANK obligation to PRESSLER LAW for the purpose of collections.

23.    At the time the WEBBANK obligation was assigned to PRESSLER LAW, the obligation was in default.

24.    On behalf of ABSOLUTE RESOLUTIONS, PRESSLER LAW caused to be delivered to WILSON a letter dated August 1, 2023, which was addressed to WILSON regarding the WEBBANK obligation.  **See Exhibit A,** which is fully incorporated herein by reference.

25.    In addition, PRESSLER LAW caused to be delivered to WILSON a letter dated August 24, 2023, which was addressed to WILSON regarding the WEBBANK obligation.

26.    In response to PRESSLER LAW'S letters, WILSON caused to be delivered to PRESSLER LAW, a letter dated September 11, 2023. **See Exhibit B,** which is fully incorporated herein by reference.

27.    As counsel for ABSOLUTE RESOLUTIONS, PRESSLER LAW had a duty and obligation to provide its client with a copy of WILSON'S September 11, 2023 letter.

28.    WILSON advised PRESSLER LAW, in part, in the September 11, 2023 letter with respect to the WEBBANK obligation, that:

> Please be advised that if this debt is subject to a contractual arbitration provision, then I elect that any claims against me be submitted to arbitration rather than court.

29.    Despite receiving Plaintiff's letter, on September 26, 2023, PRESSLER LAW filed a complaint against WILSON on behalf of ABSOLUTE RESOLUTIONS in the Superior Court of New Jersey, Special Civil Part, Atlantic County Docket No.: DC-004469-23 seeking to collect the WEBBANK obligation (Collection Complaint"). **See Exhibit C,** which is fully incorporated herein by reference.

30.    The Collection Complaint filed against WILSON by PRESSLER LAW sought the amount of $3,560.38.

31.    Neither PRESSLER LAW nor ABSOLUTE RESOLUTIONS contacted Plaintiff regarding her September 11, 2023 letter prior to filing the Collection Complaint

32.    The Collection Complaint is a "communication" as defined by 15 U.S.C. § 1692a(2).

33.    Upon receipt, WILSON read the Collection Complaint.

34.    In the Collection Complaint, an attorney employed by PRESSLER LAW certified the following:

> I certify that the matter in controversy is not the subject of any other court action or arbitration proceeding, now pending or contemplated, and that no other parties should be joined in this action.

35.    PRESSLER LAW misrepresented that an arbitration was not contemplated as it knew about WILSON'S September 11, 2023 letter.

36.    ABSOLUTE RESOLUTIONS, through its counsel, misrepresented that an arbitration was not contemplated as it knew or should have known about WILSON'S September 11, 2023 letter.

37.    The Collection Complaint stated that the chain of title to the claim **from the time of charge off included**:

PAGAYA FUNDING TRUST, ABSOLUTE RESOLUTIONS INVESTMENTS, LLC.

38.    New Jersey Court Rule 6:3-2(c) requires that the **full** chain of title of the assignment of the claim appear in the Collection Complaint, not just the chain of title after default occurred.

39.    Based on the fact that PRESSLER LAW limited the chain of assignments to the assignments after default, it appears that it did not provide the full chain of title and therefore misrepresented same.

40.    ABSOLUTE RESOLUTIONS, through its counsel, did not provide the full chain of title and therefore misrepresented same.

41.    PRESSLER LAW was well aware that the WEBBANK obligation was subject to arbitration as the arbitration terms were contained in the documents attached to the Collection Complaint.

42.    ABSOLUTE RESOLUTIONS was well aware that the WEBBANK obligation was subject to arbitration as the arbitration terms were contained in the documents attached to the Collection Complaint.

43.    PRESSLER LAW reviewed those documents, as well as WILSON's September 11, 2023 letter, prior to filing the Collection Complaint.

44.    WILSON was confused when receiving the Collection Complaint filed by PRESSLER LAW seeking to collect the WEBBANK obligation as WILSON had elected that the matter be submitted to arbitration rather than court.

45.    WILSON took no action in connection with the Collection Complaint as she had already notified the Defendants of her desire that any claim against her be brought in arbitration rather than in court.

46.    On or about December 27, 2023, Defendants obtained a default judgment against Plaintiff on the WEBBANK obligation.

47.    WILSON hired a law firm to assist her in this matter and has suffered damages.

48.    The judgment obtained by Defendants will show up on public records searches and causes Plaintiff credit harm.

49.    Many employers and creditors rely on public records searches in determining whether to extend employment or credit to an applicant.

50.    This impacts Plaintiff's ability to obtain employment, obtain a mortgage, sell a home, and obtain credit.

51.    The judgment impacts Plaintiff's ability to sell certain property or obtain credit.

52.    The stated purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

53.    As described herein, Defendants engaged in abusive debt collection practices against the Plaintiff which deprived Plaintiff of the right to enjoy the benefits provided by the FDCPA.

54.    Defendants knew or should have known that their actions violated the FDCPA.

55.    Defendants could have taken the steps necessary to bring their actions within compliance with the law but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

56.    It is Defendants' policy and practice to violate the FDCPA as described herein, by *inter alia*:

    (a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b)    Falsely representing the character or legal status of a debt;

    (c)    Threatening to take an action that cannot legally be taken; and

    (d)    Overshadowing and/or contradicting Plaintiff's rights under the FDCPA.

57.    On information and belief, there are at least 50 natural persons in New Jersey that were subjected to the conduct complained of herein within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

58.    Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

59.    Collection communications, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

60.    Defendants' violated various provisions of the FDCPA, including but not limited to:  15 U.S.C. § 1692e; §1692e(2)(A); § 1692e(5);  and § 1692e(10).

61.    Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

62.    Defendants violated 15 U.S.C. § 1692e by filing a complaint in the Superior Court of New Jersey, even though Plaintiff previously elected that the matter be submitted to arbitration rather than being submitted to court.

63.    As described herein, Defendants violated 15 U.S.C. § 1692e.

64.    Defendant falsely represented the character or legal status of the debt.

65.    Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

66.    As described herein, Defendants violated 15 U.S.C. § 1692e(2)(A).

67.    Defendants violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character or legal status of the debt as Plaintiff had elected that the matter be submitted to arbitration rather than to court.

68.    As described herein, Defendants violated 15 U.S.C. § 1692e(5).

69.    As described herein, Defendants violated 15 U.S.C. § 1692e(10).

70.    Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

71.    Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b)    Awarding Plaintiff actual and statutory damages and the Class statutory damages;

(c)    Awarding attorneys' fees and costs;

(d)    Awarding post-judgment interest.

(e)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## CERTIFICATION  PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject matter of any other court, arbitration or administrative proceeding.

Dated: May 1, 2024

_s/ Joseph K. Jones_
Joseph K. Jones, Esq. (002182006)
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com
_Attorneys for Plaintiff_

# EXHIBIT

# A

PRESSLER, FELT & WARSHAW, LLP
Attorneys At Law
7 Entin Rd.
Parsippany, NJ 07054-5020
(888)312-8600 from 8am to 5:30pm ET, Monday to Friday
www.pfwattorneys.com
contact@pfwattorneys.com

To: TONI V WILSON
25 ANCHORAGE CT
ATLANTIC CITY, NJ 08401-2857
**REFERENCE NUMBER: W196177**
Date of this Letter 08/01/2023

**Pressler, Felt & Warshaw, LLP is a debt collector.**   We are trying to collect a debt that you owe to our client ABSOLUTE RESOLUTIONS INVESTMENTS, LLC. We will use any information you give us to help collect the debt.

**Our information shows:**

You had a loan with WEBBANK, the original creditor. On 04/20/2023 the debt was owed to PAGAYA FUNDING TRUST with account number XXX9790. ABSOLUTE RESOLUTIONS INVESTMENTS, LLC purchased this debt and as such is the current creditor to whom the debt is owed.

| | |
|---|---|
| As of 04/20/2023 , you owed: | $ 3,560.38 |
| Between 04/20/2023 and today: | |
| You were charged this amount in interest: | + $    0.00 |
| You were charged this amount in fees: | + $    0.00 |
| You paid or were credited this amount toward the debt: | - $    0.00 |
| **Total amount of the debt now:** | **$ 3,560.38** |

**How can you dispute the debt?**

- **Call or write us by 09/07/2023 , to dispute all or part of the debt.** If you do not, we will assume our information is correct.

- **If you write to us by 09/07/2023** , we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents.

**What else can you do?**

- **Write to ask for the name and address of the original creditor, if different from the current creditor.** If you write by 09/07/2023 , we must stop collection until we send you that information. You may use the form below or write to us without the form.

- **Go to www.cfpb.gov/debt-collection to learn more about your rights under federal law.** For instance, you have the right to stop or limit how we contact you.

- Contact us about your payment options.

----------------------✂--------------------------------------------------------------------------------

**Mail this form to:**
PRESSLER, FELT & WARSHAW, LLP
7 Entin Rd.
Parsippany, NJ 07054-5020

**How do you want to respond?**

*Check all that apply:*

☐ **I want to dispute the debt because I think:**

  ☐ This is not my debt.

  ☐ The amount is wrong.

  ☐ Other (please describe on reverse or attach additional information).

☐ **I want you to send me the name and address of the original creditor.**

☐ **I enclose this amount:**   $ ☐

    Make your check payable to

    ABSOLUTE RESOLUTIONS INVESTMENTS, LLC

TONI V WILSON
25 ANCHORAGE CT
ATLANTIC CITY, NJ 08401-2857

Include the reference number W196177

# EXHIBIT

# B

# SRFAX

## Fax Transmission Details

| | |
|---|---|
| Transmission Result: | **Sent** |
| Sender: | **877-703-2995  (info@betterqualified.com)** |
| Time Sent: | **Sep 11/23 01:06 PM** |
| To Fax#: | **1 973-753-5353** |
| Recipient Name: | |
| Pages Sent: | **1** |
| Remote ID: | **973-753-5353** |
| Duration: | **46** |
| Reason for Failure: | |
| Account Code: | **90206 - PRESS** |

TONI V WILSON
25 ANCHORAGE CT
ATLANTIC CITY, NJ - 08401

September 11, 2023

PRESSLER , FELT & WARSHAW, L.L.P.
7 ENTIN RD
PARSIPPANY, NJ 07054-5020

RE:   Toni V Wilson
       Creditor: WEBBANK
       Account Number: ****9790
       Alleged Amount: $3,560.38

Dear Sir or Madam:

I dispute the validity of the above debt.  Therefore, you are not to assume this debt to be valid.

I also revoke any and all prior authorization or permission, whether given in writing, orally or otherwise, that may have been granted to make contact *via* mobile telephone, (whether by calling or texting), land line, social media, email or to any facsimile device.  I request that you do not share any information about me or the alleged debt with any third parties.

Please be advised that if this debt is subject to a contractual arbitration provision, then I elect that any claims against me be submitted to arbitration rather than court.

Sincerely yours,

*Toni V Wilson*

TONI V WILSON
25 ANCHORAGE CT
ATLANTIC CITY, NJ - 08401

September 11, 2023

PRESSLER , FELT & WARSHAW, L.L.P.
7 ENTIN RD
PARSIPPANY, NJ 07054-5020

RE:    Toni V Wilson
        Creditor: WEBBANK
        Account Number: ****9790
        Alleged Amount: $3,560.38

Dear Sir or Madam:

I dispute the validity of the above debt.  Therefore, you are not to assume this debt to be valid.

I also revoke any and all prior authorization or permission, whether given in writing, orally or otherwise, that may have been granted to make contact *via* mobile telephone, (whether by calling or texting), land line, social media, email or to any facsimile device.  I request that you do not share any information about me or the alleged debt with any third parties.

Please be advised that if this debt is subject to a contractual arbitration provision, then I elect that any claims against me be submitted to arbitration rather than court.

Sincerely yours,

*Toni V Wilson*

# EXHIBIT

# C

| | Superior Court of New Jersey |
|---|---|
| Court's Address and Phone Number: <br> **ATLANTIC**  Special Civil Part <br> **ATLANTIC COUNTY COURT HOUSE** <br> **1201 BACHARACH BLVD.** <br> **ATLANTIC CITY  NJ  08401** <br> Telephone No.    609-402-0100 | **Law Division, Special Civil Part** <br> **ATLANTIC**   County <br> Docket No: DC <br> **Civil Action** <br> **SUMMONS** <br> **Check one**  ☒ Contract  ☐ Tort |

## YOU ARE BEING SUED!

| **Person or Business Suing You (Plaintiff)** | **Person or Business Being Sued (Defendant)** |
|---|---|
| ABSOLUTE RESOLUTIONS INVESTMENTS, LLC, CURRENT ASSIGNEE [WEBBANK, ORIGINAL CREDITOR] | TONI V WILSON <br> 25 ANCHORAGE CT <br> ATLANTIC CITY, NJ 08401-2857  609-317-0256 |

| (See the following page(s) for additional plaintiffs) | (See the following page(s) for additional defendants) |
|---|---|
| **Plaintiff's Attorney Information** <br><br> Ian Z. Winograd - 041302016 <br> Pressler, Felt & Warshaw, LLP <br> 7 Entin Rd.  Parsippany, NJ 07054-5020 <br> 1-973-753-5100 PFW File Number W196177 | **The Person or Business Suing You Claims You Owe the Following:** |

| | | |
|---|---|---:|
| Demand Amount | $ | 3,560.38 |
| Filing Fee | $ | 50.00 |
| Service Fee | $ | 7.00 |
| Attorney's Fees | $ | 86.21 |
| **TOTAL** | $ | 3,703.59 |

### FOR JUDICIARY USE ONLY

In the attached complaint, the person or business suing you briefly tells the court his or her version of the facts of the case and how much money he or she claims you owe. **If you do not answer the complaint, you may lose the case automatically and the court may give the plaintiff what the plaintiff is asking for, plus interest and court costs. You have 35 days from the date of service to file your answer or a signed agreement.** If a judgment is entered against you, a Special Civil Part Officer may seize your money, wages or personal property to pay all or part of the judgment. The judgment is valid for 20 years.

**IF YOU DISAGREE WITH THE PLAINTIFF'S CLAIMS, A WRITTEN ANSWER OR SIGNED AGREEMENT MUST BE RECEIVED BY THE COURT ABOVE, ON OR BEFORE _____, OR THE COURT MAY RULE AGAINST YOU. IF YOU DISAGREE WITH THE PLAINTIFF, YOU MUST DO ONE OR BOTH OF THE FOLLOWING:**

1. *Answer the complaint.* An answer form that will explain how to respond to the complaint is available at any of the New Jersey Special Civil Part Clerk's Offices or on the Judiciary's Internet site www.njcourts.com under the section for Forms. If you decide to file an answer to the complaint made against you:
   - Fill out the Answer form AND pay the applicable filing fee by check or money order payable to: *Treasurer, State of New Jersey.* Include *DC _____* (your Docket Number) on the check.
   - Mail or hand deliver the completed Answer form and the check or money order to the court's address listed above.
   - Hand deliver or send by regular mail a copy of the completed Answer form to the plaintiff's attorney. If the plaintiff does not have an attorney, send your completed answer form to the plaintiff by regular and certified mail. This MUST be done at the same time you file your Answer with the court on or before _____.

2. *Resolve the dispute.* Contact the plaintiff's attorney, or contact the plaintiff if the plaintiff does not have an attorney, to resolve this dispute. The plaintiff may agree to accept payment arrangements. If you reach an agreement, mail or hand deliver the SIGNED agreement to the court's address listed above on or before _____.

**Please Note - You may wish to get an attorney to represent you.** If you cannot afford to pay for an attorney, free legal advice may be available by contacting Legal Services at _____. If you can afford to pay an attorney but do not know one, you may call the Lawyer Referral Services of your local County Bar Association at _____. Notify the court now if you need an interpreter or an accommodation for a disability for any future court appearance.

/s/ Name _____

Acting Deputy Clerk of the Superior Court

Ian Z. Winograd - 041302016
Pressler, Felt & Warshaw, LLP
7 Entin Rd.
Parsippany, NJ 07054-5020
1-973-753-5100
Attorney for Plaintiff
File # W196177
_____
ABSOLUTE RESOLUTIONS INVESTMENTS, LLC,
CURRENT ASSIGNEE [WEBBANK, ORIGINAL CREDITOR]
                    Plaintiff

vs.

TONI V WILSON
                    Defendant(s)
_____

SUPERIOR COURT OF NEW JERSEY
  Law Division
  ATLANTIC Special Civil Part
  Docket #

          Civil Action
          COMPLAINT
          (Contract)

Plaintiff having a principal place of business at: 8000 NORMAN CENTER DR STE 350 BLOOMINGTON, MN 55437 says:

1. Plaintiff, ABSOLUTE RESOLUTIONS INVESTMENTS, LLC, is the current assignee and the current owner of the attached agreement for the account ending with the last four numbers 9790 which went into default with a balance of $3,560.38.
2. The last three digits of the social security number of the person who signed the attached and is responsible for said account are 514.
3. The debt was assigned from the original creditor WEBBANK. The chain of title from the time of charge off includes: Pagaya Funding Trust, Absolute Resolutions Investments, LLC.
4. Plaintiff, ABSOLUTE RESOLUTIONS INVESTMENTS, LLC, alleges that the Defendant, TONI V WILSON, is the person responsible for repayment.
5. Defendant failed to repay the balance owed on the account, which is in default.
6. Plaintiff is seeking from Defendant, TONI V WILSON, on the above account the sum of $3,560.38.

WHEREFORE, Plaintiff demands judgment for the sum of $3,560.38 plus costs.

I certify that the matter in controversy is not the subject of any other court action or arbitration proceeding, now pending or contemplated, and that no other parties should be joined in this action.

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

                    PRESSLER, FELT & WARSHAW, LLP
                    Attorneys for Plaintiff(s)

          [X] By: /S/ Ian Z. Winograd
                  Ian Z. Winograd
          [ ] By: _____
                  Christopher P. Odogbili
          [ ] By: _____
                  David B. Warshaw
          [ ] By: _____
                  Gerard J. Felt
          [ ] By: _____
                  Howard Schachter
          [ ] By: _____

Michael J. Peters

[ ] By: _____
Patrick Wong

[ ] By: _____
Stephen E. Lundy

[ ] By: _____
Theologia Papadelias

[ ] By: _____
Adam J. Destefano

# Promissory Note

Loan ID: ████9790

Borrower Address: toni v Wilson, 25 ANCHORAGE CT Atlantic City, NJ 08401.

Co-Borrower Address: N/A.

**1. Promise to Pay.** In return for a loan I (each "I" or "me" shall include all parties obligated hereunder, including any joint applicant/co-borrower) have received, I promise to pay WebBank ("you") the principal sum of six thousand dollars ($6,000.00), together with interest thereon commencing on the date of origination at the rate of twenty-seven percent (27.0%) per annum simple interest. I understand that, as a borrower or co-borrower, I am liable for repayment of this loan. I also understand that references in this Promissory Note ("Note") to you shall also include any person to whom you transfer this Note.

**2. Payments.** I will pay the principal, interest, and any late charges or other fees on this Note when due. This Note is payable in 35 monthly installments of $244.95 each, consisting of principal and interest, commencing on the 4th day of January 2020, and continuing until the final payment of $251.90 on December 4 2022, which is the maturity date of this Note. Because of the daily accrual of interest on my loan and the effect of rounding, my final payment may be more or less than my regular payment. My final payment shall consist of the then remaining principal, unpaid accrued interest and other charges due under this Note. All payments will be applied first to any unpaid fees then due, whether they are incurred as a result of failed payments, as provided in Paragraph 11, payment processing fees assessed, or any late payments, as provided in Paragraph 4; then to any interest then due; and then to principal. However, if I am delinquent, the application of my payments may change. No unpaid interest, fees or charges will be added to principal. I further acknowledge that, if I make my payments after the scheduled due date, or incur a charge/fee, this Note will not amortize as originally scheduled, which may result in a substantially higher final payment amount.

**3. Interest.** Interest will be charged on unpaid principal until the full amount of principal has been paid. Interest under this Note will accrue daily, on the basis of a 365-day year. The interest rate I will pay will be the rate I will pay both before and after any default.

**4. Late Charge.** If the full amount of any monthly payment is not made by its due date, I will pay you a late charge of the greater of $15 or 5.00% of the unpaid portion of the monthly payment. I will pay this late charge when it is assessed but only once on each late payment.

**5. Claims and Defenses; Waiver of Defenses; Exception to Waiver.** Except as otherwise provided in this Note, you are not responsible or liable to me for the quality, safety, legality, or any other aspect of any property or services purchased with the proceeds of my loan. If I have a dispute with any person from whom I have purchased such property or services, I agree to settle the dispute directly with that person.

If and only if the proceeds of my loan will be applied in whole or part to purchase property or services from a person or entity that has entered into a contractual relationship with you or Prosper related to financing of such property or services, the following notice may apply:

**NOTICE**

**ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**6. Certifications.** I certify that the proceeds of my loan will not be applied in whole or in part to postsecondary educational expenses (i.e., tuition, fees, required equipment or supplies, or room and board) at a college/university/vocational school, as the term "postsecondary educational expenses" is defined in Bureau of Consumer Financial Protection Regulation Z, 12 C.F.R. Ã‚Â§ 1026.46(b)(3). I also certify that the proceeds of my loan will be received by me or otherwise used for my benefit. For purposes of clarity, the words "I", "me" and "my" in this Section shall include any co-borrower

**7. Method of Payment.** I may make payments (i) by electronic fund transfer from an account that I designate using an automated clearinghouse (ACH) or (ii) by check.

I understand that payments by check may incur an additional processing fee of up to $5.00 for each payment by check. Currently applicable fees are available at www.prosper.com or by calling 1-866-615-6319. I will make all checks payable to Prosper Funding LLC and send them to Prosper Marketplace, Inc., P.O. Box 396081, San Francisco, CA 94139-6081 in a manner so as to ensure that it is received with sufficient time to process prior to my scheduled payment due date. To ensure efficient processing of my check, I will reference my loan number on the check.

I recognize that if I have automated withdrawal enabled, it is my responsibility to ensure that all amounts I owe are paid when due, even if not debited from my account.

If I close my account or if my account changes or is otherwise inaccessible such that you are unable to withdraw my payments from that account or process my check, I will notify you at least three (3) business days prior to any such closure, change or inaccessibility of my account, and authorize you to withdraw my payments, or I will provide a check, from another account that I designate.

With regard to payments made by automatic withdrawals from my account, I have the right to (i) stop payment of a preauthorized automatic withdrawal, or (ii) revoke my prior authorization for automatic withdrawals with regard to all further payments under this Note, by notifying you

notify you orally or in writing, at least three (3) business days before the scheduled date of the transfer, of the exercise of my right to stop a payment or to revoke my prior authorization for further automatic withdrawals.

**8. Default and Remedies.** If I fail to make any payment when due in the manner required by Paragraph 7, I will be delinquent. If I (a) am delinquent, (b) file or have instituted against me (which, for purposes of clarity, shall mean either party obligated under this Note) a bankruptcy or insolvency proceeding or make any assignment for the benefit of creditors, or (c) in the event of my death, (which, for purposes of clarity, shall mean either party obligated under this Note), you may in your sole discretion deem me in default and accelerate the maturity of this Note and declare all principal, interest and other charges due under this Note immediately due and payable. You also have sole discretion to proceed against any party obligated under this Note. If you deem me in default due to delinquency and if you exercise the remedy of acceleration, you will use reasonable efforts to provide prior notice of acceleration.

**9. Prepayments.** I may prepay this Note in full or in part at any time without penalty. I acknowledge that partial prepayments will not change the due date or amount of my monthly payment.

**10. Waivers.** You may accept late payments or partial payments, even though marked "paid in full," without losing any rights under this Note, and you may delay enforcing any of your rights under this Note without losing them. You do not have to (a) demand payment of amounts due (known as "presentment"), (b) give notice that amounts due have not been paid (known as "notice of dishonor"), or (c) obtain an official certification of nonpayment (known as "protest"). I hereby waive presentment, notice of dishonor and protest. Even if, at a time when I am in default, you do not require me to pay immediately in full as described above, you will still have the right to do so if I am in default at a later time. Neither your failure to exercise any of your rights, nor your delay in enforcing or exercising any of your rights, will waive those rights. Furthermore, if you waive any right under this Note on one occasion, that waiver will not operate as a waiver as to any other occasion.

**11. Insufficient Funds Charge.** If I attempt to make a payment, whether by automated withdrawal from my designated account or by other means, and the payment cannot be made due to (i) insufficient funds in my account, (ii) the closure, change or inaccessibility of my account without my having notified you as provided in Paragraph 7, or (iii) for any other reason (other than an error by you), I will pay you an additional fee of $15.00 for each returned or failed automated withdrawal or other item, unless prohibited by applicable law. I will pay this fee when it is assessed.

**12. Attorneys' Fees.** To the extent permitted by law, I am liable to you for your legal costs if you refer collection of my loan to a lawyer who is not your salaried employee. These costs may include reasonable attorneys' fees as well as costs and expenses of any legal action.

**13. Loan Charges.** If a law that applies to my loan and sets maximum loan charges is finally interpreted so that the interest or other loan charges collected or to be collected in connection with my loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. You may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me.

**14. Assignment.** I may not assign any of my obligations under this Note without your written permission. You may assign this Note at any time without my permission. Unless prohibited by applicable law, you may do so without telling me. My obligations under this Note apply to all of my heirs and permitted assigns. Your rights under this Note apply to each of your successors and assigns.

**15. Notices.** All notices and other communications hereunder shall be given in writing and shall be deemed to have been duly given and effective (i) upon receipt, if delivered in person or by facsimile, email or other electronic transmission, or (ii) one day after deposit prepaid for overnight delivery with a national overnight express delivery service. Except as expressly provided otherwise in this Note, notices to me may be addressed to my registered email address or to my address set forth above unless I provide you with a different address for notice by giving notice pursuant to this Paragraph, and notices to you must be addressed to WebBank at legal@prosper.com or c/o Prosper Marketplace, Inc., 221 Main Street, Third Floor, San Francisco, CA 94105, Attention: Legal Department. I also acknowledge and agree that, if this loan has both a borrower and a co-borrower, notice may be given to either of us and that such notice shall be deemed to have been duly given to and effective for both of us, except as otherwise provided by applicable law.

**16. Governing Law.** This Note is governed by federal law and, to the extent that state law applies, the laws of the State of Utah.

**17. Miscellaneous.** No provision of this Note shall be modified or limited except by an agreement signed by both you and me. The unenforceability of any provision of this Note shall not affect the enforceability or validity of any other provision of this Note.

**18. Arbitration. RESOLUTION OF DISPUTES: I HAVE READ THIS PROVISION CAREFULLY, AND UNDERSTAND THAT IT LIMITS MY RIGHTS IN THE EVENT OF A DISPUTE BETWEEN YOU AND ME. I UNDERSTAND THAT I HAVE THE RIGHT TO REJECT THIS PROVISION, AS PROVIDED IN PARAGRAPH (i) BELOW.**

(a) In this Resolution of Disputes provision:

(i) "I", "me" and "my" mean the promisor under this Note, as well as any person claiming through such promisor;

(ii) "You" and "your" mean WebBank, any person servicing this Note for WebBank, any subsequent holders of this Note or any interest in this Note, any person servicing this Note for such subsequent holder of this note, and each of their respective parents, subsidiaries, affiliates, predecessors, successors, and assigns, as well as the officers, directors, and employees of each of them; and

(iii) "Claim" means any dispute, claim, or controversy (whether based on contract, tort, intentional tort, constitution, statute, ordinance, common

currently the subject of purported class action litigation in which I am not a member of a certified class), and includes claims that are brought as counterclaims, cross claims, third party claims or otherwise, as well as disputes about the validity or enforceability of this Note or the validity or enforceability of this Section.

(b) Any Claim shall be resolved, upon the election of either you or me, by binding arbitration administered by the American Arbitration Association or JAMS, under the applicable arbitration rules of the administrator in effect at the time a Claim is filed ("Rules"). **Any arbitration under this arbitration agreement will take place on an individual basis; class arbitrations and class actions are not permitted.** If I file a claim, I may choose the administrator; if you file a claim, you may choose the administrator, but you agree to change to the other permitted administrator at my request (assuming that the other administrator is available). I can obtain the Rules and other information about initiating arbitration by contacting the American Arbitration Association at 1633 Broadway, 10th Floor, New York, NY 10019, www.adr.org; or by contacting JAMS at 1920 Main Street, Suite 300, Irvine, CA 92614, (949) 224-1810, www.jamsadr.com. Your address for serving any arbitration demand or claim is WebBank, c/o Prosper Marketplace, Inc., 221 Main Street, Third Floor, San Francisco, CA 94105, Attention: Legal Department.

(c) Claims will be arbitrated by a single, neutral arbitrator, who shall be a retired judge or a lawyer with at least ten years' experience. You agree not to invoke your right to elect arbitration of an individual Claim filed by me in a small claims or similar court (if any), so long as the Claim is pending on an individual basis only in such court.

(d) You will pay all filing and administration fees charged by the administrator and arbitrator fees up to $1,000, and you will consider my request to pay any additional arbitration costs. If an arbitrator issues an award in your favor, I will not be required to reimburse you for any fees you have previously paid to the administrator or for which you are responsible. If I receive an award from the arbitrator, you will reimburse me for any fees paid by me to the administrator or arbitrator. Each party shall bear its own attorney's, expert's and witness fees, which shall not be considered costs of arbitration; however, if a statute gives me the right to recover these fees, or fees paid to the administrator or arbitrator, then these statutory rights will apply in arbitration.

(e) Any in-person arbitration hearing will be held in the city with the federal district court closest to my residence, or in such other location as you and we may mutually agree. The arbitrator shall apply applicable substantive law consistent with the Federal Arbitration Act, 9 U.S.C. § 1-16, and, if requested by either party, provide written reasoned findings of fact and conclusions of law. The arbitrator shall have the power to award any relief authorized under applicable law. Any appropriate court may enter judgment upon the arbitrator's award. The arbitrator's decision will be final and binding except that: (1) any party may exercise any appeal right under the FAA; and (2) any party may appeal any award relating to a claim for more than $100,000 to a three-arbitrator panel appointed by the administrator, which will reconsider de novo any aspect of the appealed award. The panel's decision will be final and binding, except for any appeal right under the FAA. Unless applicable law provides otherwise, the appealing party will pay the appeal's cost, regardless of its outcome. However, you will consider any reasonable written request by me for you to bear the cost.

(f) YOU AND I AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN OUR INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING. Further, unless both you and I agree otherwise in writing, the arbitrator may not consolidate more than one person's claims, except that claims brought by joint applicants or co-borrowers relating to the same loan transaction shall be consolidated. The arbitrator shall have no power to arbitrate any Claims on a class action basis or Claims brought in a purported representative capacity on behalf of the general public, other borrowers, or other persons similarly situated. The validity and effect of this paragraph (f) shall be determined exclusively by a court, and not by the administrator or any arbitrator.

(g) If any portion of this Section 18 is deemed invalid or unenforceable for any reason, it shall not invalidate the remaining portions of this section. However, if paragraph (f) of this Section 18 is deemed invalid or unenforceable in whole or in part, then this entire Section 18 shall be deemed invalid and unenforceable. The terms of this Section 18 will prevail if there is any conflict between the Rules and this section.

(h) **YOU AND I AGREE THAT, BY ENTERING INTO THIS NOTE, THE PARTIES ARE EACH WAIVING THE RIGHT TO A TRIAL BY JURY OR TO PARTICIPATE IN A CLASS ACTION. YOU AND I ACKNOWLEDGE THAT ARBITRATION WILL LIMIT OUR LEGAL RIGHTS, INCLUDING THE RIGHT TO PARTICIPATE IN A CLASS ACTION, THE RIGHT TO A JURY TRIAL, THE RIGHT TO CONDUCT FULL DISCOVERY, AND THE RIGHT TO APPEAL (EXCEPT AS PERMITTED IN PARAGRAPH (e) OR UNDER THE FEDERAL ARBITRATION ACT).**

(i) I understand that I may reject the provisions of this Section 18, in which case neither you nor I will have the right to elect arbitration. Rejection of this Section 18 will not affect the remaining parts of this Note. To reject this Section 18, I must send you written notice of my rejection within 30 days after the date that this Note was made. I must include my name, address, and account number. The notice of rejection must be mailed to WebBank, c/o Prosper Marketplace, Inc., 221 Main Street, San Francisco, CA 94105, Attention: Legal Department. This is the only way that I can reject this Section 18.

(j) You and I acknowledge and agree that the arbitration agreement set forth in this Section 18 is made pursuant to a transaction involving interstate commerce, and thus the Federal Arbitration Act shall govern the interpretation and enforcement of this Section 18. This Section 18 shall survive the termination of this Note and the repayment of any or all amounts borrowed thereunder.

(k) This section shall not apply to covered borrowers as defined in the Military Lending Act.

**19. Electronic Transactions.** THIS NOTE INCLUDES YOUR EXPRESS CONSENT TO ELECTRONIC TRANSACTIONS AND DISCLOSURES, WHICH CONSENT IS SET FORTH IN THE PARAGRAPH ENTITLED "CONSENT TO DOING BUSINESS

WHICH ARE EXPRESSLY INCORPORATED HEREIN IN THEIR ENTIRETY. YOU EXPRESSLY AGREE THAT THIS NOTE MAY COMPRISE A "TRANSFERABLE RECORD" FOR ALL PURPOSES UNDER THE ELECTRONIC SIGNATURES IN GLOBAL AND NATIONAL COMMERCE ACT AND THE UNIFORM ELECTRONIC TRANSACTIONS ACT.

**20. Registration of Note Owners.** I have appointed Prosper Funding LLC as my authorized agent (in such capacity, the "Note Registrar") to maintain a book-entry system (the "Register") for recording the beneficial owners of interests in this Note (the "Note Owners"). The person or persons identified as the Note Owners in the Register shall be deemed to be the owner(s) of this Note for purposes of receiving payment of principal and interest on such Note and for all other purposes. With respect to any transfer by a Note Owner of its beneficial interest in this Note, the right to payment of principal and interest on this Note shall not be effective until the transfer is recorded in the Register.

**21. Joint and Several Liability.** I acknowledge and agree that if this loan has both a borrower and a co-borrower, (a) each of us shall be jointly and severally liable for all obligations under this Note, (b) you may proceed against either of us to enforce such obligations without waiving your right to proceed against the other, and (c) you may proceed against either of us without first proceeding against the other.

**22. State Notices**

California Residents

Married registrants may apply for a separate account. As required by law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations.

Iowa Residents

NOTICE TO CONSUMER: 1. Do not sign this paper before you read it. 2. You are entitled to a copy of this paper. 3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law.

**IMPORTANT: READ BEFORE SIGNING. The terms of this agreement should be read carefully because only those terms in writing are enforceable. No other terms or oral promises not contained in this written contract may be legally enforced. I may change the terms of this agreement only by another written agreement.**

Kansas Residents

NOTICE TO CONSUMER: 1. Do not sign this agreement before you read it. 2. You are entitled to a copy of this agreement. 3. You may prepay the unpaid balance at any time without penalty.

Missouri Residents

**Oral or unexecuted agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable. To protect me (borrower(s)) and you (creditor) from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it.**

Nebraska Residents

A credit agreement must be in writing to be enforceable under Nebraska law. To protect you and me from any misunderstandings or disappointments, any contract, promise, undertaking, or offer to forebear repayment of money or to make any other financial accommodation in connection with this loan of money or grant or extension of credit, or any amendment of, cancellation of, waiver of, or substitution for any or all of the terms or provisions of any instrument or document executed in connection with this loan of money or grant or extension of credit, must be in writing to be effective.

New Jersey Residents

Because certain provisions of this Note are subject to applicable laws, they may be void, unenforceable or inapplicable in some jurisdictions. None of these provisions, however, is void, unenforceable or inapplicable in New Jersey.

Ohio Residents

The Ohio laws against discrimination require that all creditors make credit equally available to all credit worthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio civil rights commission administers compliance with this law.

Utah Residents

As required by Utah law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations.

This Note is the final expression of the agreement between the parties and may not be contradicted by evidence of any alleged oral agreement.

Vermont Residents

*THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.*

Washington Residents:

For primarily non-consumer purpose loans: Oral agreements or oral commitments to loan money, extend credit or to forbear from enforcing repayment of a debt are not enforceable under Washington law.

Wisconsin Residents

No provision of a marital property agreement, a unilateral statement or a court decree adversely affects the interest of the creditor unless the creditor, prior to the time the credit is granted, is furnished a copy of the agreement, statement or decree or has actual knowledge of the adverse provision when the obligation to the creditor is incurred.

23. **Military Lending Act.** The Military Lending Act provides specific protections for active duty service members and their dependents in consumer credit transactions. This Section includes information on the protections provided to covered borrowers as defined in the Military Lending Act.

(a) Statement of MAPR.

Federal law provides important protections to members of the Armed Forces and their dependents relating to extensions of consumer credit. In general, the cost of consumer credit to a member of the Armed Forces and his or her dependent may not exceed an annual percentage rate of 36 percent. This rate must include, as applicable to the credit transaction or account: The costs associated with credit insurance premiums; fees for ancillary products sold in connection with the credit transaction; any application fee charged (other than certain application fees for specified credit transactions or accounts); and any participation fee charged (other than certain participation fees for a credit card account).

(b) Section 18 of this Note shall not be applicable to, and shall not be enforceable against, a covered borrower as defined in the Military Lending Act

(c) Oral Disclosures. Please call 1-855-993-2967 to obtain oral disclosures, including the statement of MAPR and the payment schedule applicable to your loan, required under the Military Lending Act.

24. **Borrower Authorizations and Instructions** If this loan has both a borrower and a co-borrower, any authorization or instruction that either of us provides to you may be treated by you as effective for both of us.

25.By signing this Note, I acknowledge that I (i) have read and understand all terms and conditions of this Note, (ii) agree to the terms set forth herein, and (iii) acknowledge receipt of a completely filled-in copy of this Note.

Wisconsin Residents: NOTICE TO CUSTOMER: (a) DO NOT SIGN THIS IF IT CONTAINS ANY BLANK SPACES. (b) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN. (c) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT AND YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.

**CAUTION - IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.**

Date: December 4 2019

By: Prosper Marketplace, Inc.

Attorney-in-Fact for Borrower and Co-Borrower (if applicable):

toni v Wilson [Borrower]

(Signed Electronically)

[Co-Borrower]

(Signed Electronically)

Last Updated: November 2019

**Please carefully review these terms and conditions of use before using this site or accessing any data thereon. Any use of this website creates a binding agreement to comply with these terms and conditions. If you do not agree to these terms without limitation or exclusions, you must exit this site immediately.**

## USER AGREEMENT

The following are terms of a legal agreement (the "Agreement") between you, individually and/or as an agent on behalf of an entity or another registered user ("you") and Prosper Funding LLC ("Prosper") that sets forth the terms and conditions for your use of this web site at www.prosper.com, including any subdomain thereof (the "Site"). The Site is owned and operated by Prosper. This Site is being provided to you expressly subject to this Agreement. By accessing, browsing and/or using the Site, you acknowledge that you have read, understood, and agree to be bound by the terms of this Agreement and to comply with all applicable laws and regulations. The terms and conditions of this Agreement form an essential basis of the bargain between you and Prosper.

Prosper reserves the right to amend this Agreement at any time and will notify you of any such changes by posting the revised Agreement on the Site. You should check this Agreement on the Site periodically for changes. All changes shall be effective upon posting. Your continued use of the Site after any change to this Agreement constitutes your agreement to be bound by any such changes. Prosper may terminate, suspend, change, or restrict access to all or any part of this Site without notice or liability.

## LIMITATIONS OF USE

The copyright in all material on this Site, including without limitation the text, data, articles, design, source code, software, photos, images and other information (collectively the "Content"), is held by Prosper or by the original creator of the material and is protected by U.S. and International copyright laws or treaties. You agree that the Content may not be copied, reproduced, distributed, republished, displayed, posted or transmitted in any form or by any means, including, but not limited to, electronic, mechanical, photocopying, recording, or otherwise, without the express prior written consent of Prosper. You acknowledge that the Content is and shall remain the property of Prosper. You may not modify, participate in the sale or transfer of, or create derivative works based on any Content, in whole or in part. The use of the Content on any other website, including by linking or framing, or in any networked computer environment for any purpose, is prohibited without Prosper's prior written approval. Ãƒâ€¢

All data obtained from or provided by Prosper, regardless of the method of delivery, is explicitly prohibited from publication and distribution and is subject to the Prosper Data Terms of Use.Ãƒâ€¢ Ãƒâ€¢ Moreover, you agree not to use data provided by Prosper, regardless of the method of delivery, for any competing purposes, and you agree to only use such data to permit investment using the products or services of Prosper.

You also may not, without Prosper's express written permission, "mirror" any material contained on this Site on any other server. Any unauthorized use of any Content on this Site may violate copyright laws, trademark laws, the laws of privacy and publicity, and communications statutes and regulations.

You agree to use the Content and Site only for lawful purposes. You are prohibited from any use of the Content or Site that would constitute a violation of any applicable law, regulation, rule or ordinance of any nationality, state, or locality or of any international law or treaty, or that could give rise to any civil or criminal liability. Any unauthorized use of the Site, including but not limited to unauthorized entry into Prosper's systems, misuse of passwords, or misuse of any information posted on the Site is strictly prohibited. Prosper makes no claims concerning whether the Content may be downloaded or is appropriate for use outside of the United States. If you access this Site from outside of the United States, you are solely responsible for ensuring compliance with the laws of your specific jurisdiction. Your eligibility for particular products or services is subject to final determination by Prosper.

Members of the Prosper community must be U.S. Residents with a valid social security number that are 18 years of age or older. Children under the age of 18 are not eligible to participate in the offerings on the Site.

You agree not to post, upload, publish, display, transmit, reproduce, share, store or otherwise make or attempt to make publicly available on the Site or on any other website, or in any email, blog, forum, medium or other communication of any kind, any private or personally identifiable information of any Prosper member or other third party, including, without limitation, names, addresses, phone numbers, email addresses, Social Security numbers, driver's license numbers, or bank account or credit card numbers, whether or not such private or personally identifiable information is displayed on or ascertainable from the Site, or obtained or obtainable from sources unrelated to the Site (such as from a "GoogleÃƒâ€¢Ã‚Â® search" or other online research).

## TRADEMARKS

Prosper (including the Prosper logo), Prosper.com, and all related logos (collectively the "Prosper Trademarks") are trademarks or service marks of Prosper. Other company, product, and service names and logos used and displayed on this Site may be trademarks or service marks owned by Prosper or others. Nothing on this Site should be construed as granting, by implication, estoppel, or otherwise, any license or right to use any of the Prosper Trademarks displayed on this Site, without our prior written permission in each instance. You may not use, copy, display, distribute, modify or reproduce any of the trademarks found on the Site unless in accordance with written authorization by Prosper. Prosper prohibits use of any of the Prosper Trademarks as part of a link to or from any site unless establishment of such a link is approved in writing by Prosper in advance. Any questions concerning any Prosper Trademarks, or whether any mark or logo is a Prosper Trademark, should be referred to Prosper.

## LINKS TO THIRD-PARTY SITES

no responsibility for the accuracy or availability of information provided on the third-party sites. You acknowledge that use of any third-party sites is governed by the terms of use for those websites, and not by this Agreement. Links to third-party sites do not constitute an endorsement or recommendation by Prosper of such sites or the content, products, advertising or other materials presented on such sites, but are only for your convenience and you access them at your own risk. Such third-party sites may have a privacy policy different from that of Prosper and the third-party site may provide less security than this Site. Prosper is not responsible for the content of any third-party web sites, nor does Prosper make any warranties or representations, express or implied, regarding the content (or the accuracy of such content) on any third-party web sites, and Prosper shall have no liability of any nature whatsoever for any failure of products or services offered or advertised at such sites or otherwise.

## CONSENT TO DOING BUSINESS ELECTRONICALLY

Whether you choose to participate on the Site as a borrower or investor, or in another manner, from time to time you will receive disclosures, notices, documents and information ("Communications") as required by law and otherwise from Prosper, WebBank, an FDIC-insured Bank ("WebBank"), any other bank that may extend credit to you ("originating bank"), or the respective agents of such parties (collectively, "we" or "us"). This section informs you of your rights when receiving Communications from us electronically.Ãƒâ€š

Electronic Communications.Ãƒâ€š You agree that all Communications from Prosper, WebBank, any originating bank involved in your transaction, and our respective agents relating to your use of the Site or related services may be provided or made available to you electronically by e-mail or at the Site.Ãƒâ€š You have the right to receive a free paper copy of any Communication by contacting us in the manner described below.Ãƒâ€š We may discontinue electronic provision of Communications at any time in our sole discretion.

Scope of Consent.Ãƒâ€š Your consent to receive Communications and do business electronically, and our agreement to do so, applies to all of your interactions and transactions to which such Communications relate, whether between you and Prosper, you and WebBank or you and any originating bank involved in your transaction.

Hardware and Software Requirements.Ãƒâ€š To access and retain the Communications electronically, you will need to use a device with an internet connection and an up-to-date browser capable of opening portable document formats (ÃƒÂ¢Ã¢â€šÂ¬Ã¢â‚¬Â¦ â€œPDFÃƒÂ¢Ã¢â€šÂ¬Ã¢â‚¬Â Ã¢â‚¬Â½), such as Microsoft Internet Explorer (see www.microsoft.com/ie for current version) or Mozilla Firefox (see www.mozilla.com for current version), and a valid email address that has been provided to Prosper. You acknowledge that you can receive and access communications in the formats described herein. For access and optimal printing of your loan documents in PDF format, please download Adobe Reader (to install the free version of Adobe Reader click here: http://get.adobe.com/reader/otherversions/). You acknowledge that you can access the electronic Communications in the designated formats described herein.

Mobile Technology.Ãƒâ€š If you are accessing our site electronically through a mobile device, such as a tablet, smartphone or similar device, you must be able to print and save the Communications.Ãƒâ€š You can find apps that support printing and saving for most mobile devices through your mobile device's app store.Ãƒâ€š If your mobile device does not have this functionality, you must access our website through alternate means that provide you with the ability to print and save the Communications.

Withdrawing Consent.Ãƒâ€š You may withdraw your consent to receive Communications electronically by contacting us in the manner described below. If you withdraw your consent, from that time forward (1) you cannot place any further applications, listings or bids through the Prosper platform, and (2) any pending applications, listings or bids will automatically terminate and be removed from the Prosper platform. The withdrawal of your consent will not affect the legal validity and enforceability of any pending loans obtained through the Prosper platform, or any electronic Communications provided or business transacted between us prior to the time you withdraw your consent. With respect to pending loans on which you are a borrower or investor, we will send you any further Communications by mail or other non-electronic means.

Assignment.Ãƒâ€š In addition, you further acknowledge that your consent to have all Communications provided or made available to you in electronic form and to do business on or through the Prosper platform is assignable to any entity that succeeds Prosper in servicing your loan, and/or owns a (i) Promissory Note evidencing a loan you obtained through the Prosper platform, or (ii) Borrower Payment Dependent Note you purchased through the Prosper platform, and/or to any originating bank.

Changes in Your Contact Information. You agree to keep us informed of any changes in the telephone number, email and mailing address you provide to us so that you continue to receive all Communications without interruption.Ãƒâ€š You can contact us by email at compliance@prosper.com or by writing to us at Prosper Funding LLC, c/o Prosper Marketplace, Inc., 221 Main Street, Suite 300, San Francisco, CA 94105, Attn: Compliance.

## CALL RECORDING AND MONITORING

You consent to the recording and monitoring, for purposes including but not limited to quality assurance, training, risk management and/or collection purposes, of any call that you place with Prosper (or our originating banks, agents, representatives, affiliates, third parties or anyone calling on our behalf) or that Prosper (or our originating banks, agents, representatives, affiliates, third parties or anyone calling on our behalf) places to you.

## ADDITIONAL STATE LAW NOTICES FOR PERSONAL LOAN BORROWER MEMBERS

### ARIZONA RESIDENTS

Notice: You may request that the initial disclosures prescribed in the Truth in Lending Act (15 United States Code sections 1601 through 1666j)

Aviso: Usted puede solicitar que las divulgaciones iniciales prescritas en la Ley Truth in Lending Act (15 CÃƒÆ'Ã‚Â³digo de los Estados Unidos secciones 1601 hasta 1666j) sean proporcionadas en espaÃƒÆ'Ã‚Â±ol antes de firmar cualesquiera documentos del prÃƒÆ'Ã‚©stamo.Ãƒâ€š Ãƒâ€š Ãƒâ€š

Notice:Ãƒâ€š Before signing any loan documents or otherwise committing to a loan, you may download and print copies of those documents from our website and keep them for your review.Ãƒâ€š

## CALIFORNIA RESIDENTS

Married registrants may apply for a separate account.Ãƒâ€š AS REQUIRED BY LAW, YOU ARE HEREBY NOTIFIED THAT A NEGATIVE CREDIT REPORT REFLECTING ON YOUR CREDIT RECORD MAY BE SUBMITTED TO A CREDIT REPORTING AGENCY IF YOU FAIL TO FULFILL THE TERMS OF YOUR CREDIT OBLIGATIONS.

## IOWA RESIDENTS

NOTICE TO CONSUMER:Ãƒâ€š Ãƒâ€š 1. Do not sign this paper before you read it. 2. You are entitled to a copy of this paper. 3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law.

## KANSAS RESIDENTS

NOTICE TO CONSUMER:Ãƒâ€š Ãƒâ€š 1. Do not sign this agreement before you read it. 2. You are entitled to a copy of this agreement. 3. You may prepay the unpaid balance at any time without penalty.

## MARYLAND RESIDENTS

This loan is being made under, and shall be governed by, the provisions of Subtitle 10 of Title 12 of the Commercial Law Article of the Maryland Code only to the extent that such provisions are not inconsistent with federal law (12 U.S.C. § 1831d) and related regulations and interpretations.

## MASSACHUSETTS RESIDENTS

Massachusetts law prohibits discrimination based upon marital status or sexual orientation.

## MAINE RESIDENTS

NOTICE TO CONSUMER: Do not sign this agreement before you read it. You are entitled to a copy of this agreement. Maine law requires that the following disclosures be provided to you before any contract is signed with, and before any money is paid to, Prosper or to third parties. The agreement between you and Prosper must be in writing and signed, and must contain a description of the services to be performed, payment details, any guarantees, the time frame of the contract, and offers of full or partial refunds, as well as a notice informing you of the importance of reading the contract and retaining a copy. Prosper has a $25,000 consumer protection bond on file with the State of Maine. If you have a claim against Prosper that cannot be resolved through informal means, you may institute an action to recover your loss from that bond by filing a written complaint with the Superintendent, Bureau of Consumer Credit Protection, 35 State House Station, Augusta, Maine 04333-0035.

## MISSOURI RESIDENTS

Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable. To protect you and Prosper from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it.

## NORTH DAKOTA RESIDENTS

MONEY BROKERS ARE LICENSED AND REGULATED BY THE DEPARTMENT OF FINANCIAL INSTITUTIONS, 2000 SCHAFER STREET, SUITE G, BISMARCK, NORTH DAKOTA 58501-1204. THE DEPARTMENT OF FINANCIAL INSTITUTIONS HAS NOT PASSED ON THE MERITS OF THE CONTRACT AND LICENSING DOES NOT CONSTITUTE AN APPROVAL OF THE TERMS OF THE BROKER'S ABILITY TO ARRANGE ANY LOAN. COMPLAINTS REGARDING THE SERVICES OF MONEY BROKERS SHOULD BE DIRECTED TO THE DEPARTMENT OF FINANCIAL INSTITUTIONS.

## OHIO RESIDENTS

The Ohio laws against discrimination require that all creditors make credit equally available to all credit worthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio civil rights commission administers compliance with this law.

## TEXAS RESIDENTS

For questions or complaints about this loan, contact Prosper Marketplace, Inc. at 1-866-615-6319 or support@prosper.com. Prosper Marketplace, Inc. is licensed and examined under Texas law by the Office of Consumer Credit Commissioner (OCCC), a state agency. If a complaint or question cannot be resolved by contacting Prosper Marketplace, Inc., consumers can contact the OCCC to file a complaint or ask a general credit-related question, OCCC address: 2601 N. Lamar Blvd., Austin, Texas 78705. Phone: (800) 538-1579. Fax: (512) 936-7610.

UTAH RESIDENTS

As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

WASHINGTON RESIDENTS

For primarily non-consumer purpose loans: Oral agreements or oral commitments to loan money, extend credit, or to forbear from enforcing repayment of a debt are not enforceable under Washington law.

WISCONSIN RESIDENTS

NOTICE TO CUSTOMER:Ãƒâ€¢ (a) DO NOT SIGN THIS IF IT CONTAINS ANY BLANK SPACES.Ãƒâ€¢ (b) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN.Ãƒâ€¢ (c) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT AND YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.

No provision of a marital property agreement, a unilateral statement or a court decree adversely affects the interest of the creditor unless the creditor, prior to the time the credit is granted, is furnished a copy of the agreement, statement or decree or has actual knowledge of the adverse provision when the obligation to the creditor is incurred.

## DISCLAIMER OF WARRANTIES

None of Prosper, its parent, any of its affiliates, providers or their respective officers, directors, employees, agents, independent contractors or licensors (collectively the "Prosper Parties") guarantees the accuracy, adequacy, timeliness, reliability, completeness, or usefulness of any of the Content and the Prosper Parties disclaim liability for errors or omissions in the Content.

This Site and all of the Content is provided "as is" and "as available," without any warranty, either express or implied, including the implied warranties of merchantability, fitness for a particular purpose, non-infringement or title. Additionally, there are no warranties as to the results of your use of the Content. The Prosper Parties do not warrant that the Site is free of viruses or other harmful components. This does not affect those warranties which are incapable of exclusion, restriction or modification under the laws applicable to this Agreement.

The Prosper Parties may discontinue or make changes in the Content and Site at any time without prior notice to you and without any liability to you. Any dated information is published as of its date only, and the Prosper Parties do not undertake any obligation or responsibility to update or amend any such information. The Prosper Parties reserve the right to terminate any or all Site offerings or transmissions without prior notice to you. This Site could contain technical inaccuracies or typographical errors. Use of this Site is at your own risk.

## LIMITATION OF LIABILITY

Under no circumstances will the Prosper Parties be liable for any damages including general, special, direct, indirect, incidental, consequential, punitive or any other damages (including, without limitation, lost profits or business interruption) of any kind whether in an action in contract or negligence arising or relating in any way to the use or inability to use by any party of the content, the Site or any third-party site to which this Site is linked, or in connection with any failure of performance, error, omission, interruption, defect, delay in operation or transmission, computer virus or line or system failure, even if Prosper Parties, or representatives thereof, are advised of the possibility of such damages, losses or expenses. The Prosper Parties are not liable for any defamatory, offensive or illegal conduct of any user. Your sole remedy for dissatisfaction with this Site is to stop using the Site. If your use of materials from this Site results in the need for servicing, repair or correction of equipment or data, you assume any costs thereof. If the foregoing limitation is found to be invalid, you agree that the Prosper Parties' total liability for all damages, losses, or causes of action of any kind or nature shall be limited to the greatest extent permitted by applicable law.

## INDEMNIFICATION

You agree to indemnify and hold harmless Prosper Parties from and against any and all claims, losses, expenses, demands or liabilities, including attorneys' fees and costs, incurred by the Prosper Parties in connection with any claim by a third party (including any intellectual property claim) arising out of (i) materials and content you submit to, post to or transmit through the Site, or (ii) your use of the Site in violation of this Agreement or in violation of any applicable law. You further agree that you will cooperate fully in the defense of any such claims. Prosper Parties reserve the right, at their own expense, to assume the exclusive defense and control of any matter otherwise subject to indemnification by you, and you shall not in any event settle any such claim or matter without the written consent of Prosper. You further agree to indemnify and hold harmless Prosper Parties from any claim arising from a third party's use of information or materials of any kind that you post to the Site.

## MONITORING OF THE SITE

Prosper has no obligation to monitor the Site; however, you acknowledge and agree that Prosper has the right to monitor the Site electronically from time to time and to disclose any information as necessary or appropriate to satisfy any law, regulation or other governmental request, to operate the Site, present marketing or other promotional offers to you either on the Site or on a third party site, or to protect itself or other users of the Site.

## SUBMISSIONS TO THE SITE

any other manner (collectively, "Submissions") will be deemed and remain the property of Prosper, and Prosper is entitled to use any Submission for any purpose, without restriction or compensation to the individual who has provided the Submission. Prosper shall not be subject to any obligations of confidentiality regarding Submissions except as expressly agreed by Prosper or as otherwise required by applicable law. Nothing herein contained shall be construed as limiting Prosper's responsibilities and obligations under its Privacy Policy.

## USE OF PERSONALLY IDENTIFIABLE INFORMATION

Prosper's practices and policies with respect to the collection and use of personally identifiable information are governed by Prosper's Privacy Policy.

## AVAILABILITY

This Site is not intended for distribution to, or use by, any person or entity in any jurisdiction or country where such distribution or use would be contrary to applicable law or regulation. By offering this Site and Content no distribution or solicitation is made by Prosper to any person to use the Site or Content in jurisdictions where the provision of the Site and/or Content is prohibited by law.

## TERMINATION

This Agreement is effective until terminated by Prosper. Prosper may terminate this Agreement at any time without notice, or suspend or terminate your access and use of the Site at any time, with or without cause, in Prosper's absolute discretion and without notice. The following provisions of this Agreement shall survive termination of your use or access to the Site: the sections concerning Indemnification, Disclaimer of Warranties, Limitation of Liability, Waiver, Applicable Law and Dispute Resolution, and General Provisions, and any other provision that by its terms survives termination of your use or access to the Site.

## WAIVER

Failure by Prosper to enforce any of its rights under this Agreement shall not be construed as a waiver of those rights or any other rights in any way whatsoever.

## APPLICABLE LAW AND DISPUTE RESOLUTION

**Arbitration:**

**RESOLUTION OF DISPUTES:** YOU ACKNOWLEDGE THAT YOU HAVE READ THIS PROVISION CAREFULLY, AND UNDERSTAND THAT IT LIMITS YOUR RIGHTS IN THE EVENT OF A DISPUTE BETWEEN YOU AND US. YOU UNDERSTAND THAT YOU HAVE THE RIGHT TO REJECT THIS PROVISION, AS PROVIDED IN PARAGRAPH (i) BELOW.

(a) In this Arbitration Section:

(i) "You" and "your" mean the individual entering into this Agreement, as well as any person claiming through such individual;

(ii) "We" and "us" means Prosper Funding LLC and any originating bank involved in your transaction, and each of their respective parents, subsidiaries, affiliates, predecessors, successors, and assigns, as well as the officers, directors, and employees of each of them;

(iii) "Claim" means any dispute, claim, or controversy (whether based on contract, tort, intentional tort, constitution, statute, ordinance, common law, or equity, whether pre-existing, present, or future, and whether seeking monetary, injunctive, declaratory, or any other relief) arising from or relating to this Agreement or the relationship between us and you (including claims arising prior to or after the date of the Agreement, and claims that are currently the subject of purported class action litigation in which you are not a member of a certified class), and includes claims that are brought as counterclaims, cross claims, third party claims or otherwise, as well as disputes about the validity or enforceability of this Agreement or the validity or enforceability of this Arbitration Section.

(b) Any Claim shall be resolved, upon the election of either us or you, by binding arbitration administered by the American Arbitration Association or JAMS, under the applicable arbitration rules of the administrator in effect at the time a Claim is filed ("Rules"). Any arbitration under this Agreement will take place on an individual basis; class arbitrations and class actions are not permitted. If you file a claim, you may choose the administrator; if we file a claim, we may choose the administrator, but we agree to change to the other permitted administrator at your request (assuming that the other administrator is available). You can obtain the Rules and other information about initiating arbitration by contacting the American Arbitration Association at 1633 Broadway, 10th Floor, New York, NY 10019, www.adr.org; or by contacting JAMS at 1920 Main Street, Suite 300, Irvine, CA 92614, (949) 224-1810, www.jamsadr.com. The address for serving any arbitration demand or claim on us is Prosper Marketplace, Inc., 221 Main Street, Suite 300, San Francisco, CA 94105, Attention: Compliance.

(c) Claims will be arbitrated by a single, neutral arbitrator, who shall be a retired judge or a lawyer with at least ten years' experience. We agree not to invoke our right to elect arbitration of an individual Claim filed by you in a small claims or similar court (if any), so long as the Claim is pending on an individual basis only in such court.

(d) We will pay all filing and administration fees charged by the administrator and arbitrator fees up to $1,000, and we will consider your request to pay any additional arbitration costs. If an arbitrator issues an award in our favor, you will not be required to reimburse us for any fees we have previously paid to the administrator or for which we are responsible. If you receive an award from the arbitrator, we will reimburse you for any

these statutory rights will apply in arbitration.

(e) Any in-person arbitration hearing will be held in the city with the federal district court closest to your residence, or in such other location as you and we may mutually agree. The arbitrator shall apply applicable substantive law consistent with the Federal Arbitration Act, 9 U.S.C. § 1-16, and, if requested by either party, provide written reasoned findings of fact and conclusions of law. The arbitrator shall have the power to award any relief authorized under applicable law. Any appropriate court may enter judgment upon the arbitrator's award. The arbitrator's decision will be final and binding except that: (1) any party may exercise any appeal right under the FAA; and (2) any party may appeal any award relating to a claim for more than $100,000 to a three-arbitrator panel appointed by the administrator, which will reconsider de novo any aspect of the appealed award. The panel's decision will be final and binding, except for any appeal right under the FAA. Unless applicable law provides otherwise, the appealing party will pay the appeal's cost, regardless of its outcome. However, we will consider any reasonable written request by you for us to bear the cost.

(f) YOU AND WE AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN OUR INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING. Further, unless both you and we agree otherwise in writing, the arbitrator may not consolidate more than one person's claims. The arbitrator shall have no power to arbitrate any Claims on a class action basis or Claims brought in a purported representative capacity on behalf of the general public, other borrowers, or other persons similarly situated. The validity and effect of this paragraph (f) shall be determined exclusively by a court, and not by the administrator or any arbitrator.

(g) If any portion of this Arbitration Section is deemed invalid or unenforceable for any reason, it shall not invalidate the remaining portions of this section. However, if paragraph (f) of this Arbitration Section is deemed invalid or unenforceable in whole or in part, then this entire Arbitration Section shall be deemed invalid and unenforceable. The terms of this Arbitration Section will prevail if there is any conflict between the Rules and this section.

(h) YOU AND WE AGREE THAT, BY ENTERING INTO THIS AGREEMENT, THE PARTIES ARE EACH WAIVING THE RIGHT TO A TRIAL BY JURY OR TO PARTICIPATE IN A CLASS ACTION. YOU AND WE ACKNOWLEDGE THAT ARBITRATION WILL LIMIT OUR LEGAL RIGHTS, INCLUDING THE RIGHT TO PARTICIPATE IN A CLASS ACTION, THE RIGHT TO A JURY TRIAL, THE RIGHT TO CONDUCT FULL DISCOVERY, AND THE RIGHT TO APPEAL (EXCEPT AS PERMITTED IN PARAGRAPH (e) OR UNDER THE FEDERAL ARBITRATION ACT).

(i) You understand that you may reject the provisions of this Arbitration Section, in which case neither us nor you will have the right to elect arbitration. Rejection of this Arbitration Section will not affect the remaining parts of this Agreement. To reject this Arbitration Section, you must send us written notice of your rejection within 30 days after the date that this Agreement was made. You must include your name, address, and account number. The notice of rejection must be mailed to Prosper Marketplace, Inc., 221 Main Street, Suite 300, San Francisco, CA 94105, Attention: Legal Department. This is the only way that you can reject this Arbitration Section.

(j) You and we acknowledge and agree that the arbitration agreement set forth in this Arbitration Section is made pursuant to a transaction involving interstate commerce, and thus the Federal Arbitration Act shall govern the interpretation and enforcement of this Arbitration Section. This Arbitration Section shall survive the termination of this Agreement.

(k) This Arbitration Section shall not apply to covered borrowers as defined in the Military Lending Act.

In the event that a dispute does not proceed to arbitration, this Agreement and all other aspects of your use of the Site shall be governed by and construed in accordance with the laws of the United States and, to the extent applicable, to the laws of the State of California, without regard to its conflict of laws rules. You agree that you will notify Prosper in writing of any claim or dispute concerning or relating to the Site and the information or services provided through it, and give Prosper a reasonable period of time to address it BEFORE bringing any legal action, either individually, as a class member or representative, or as a private attorney general, against Prosper.

## OTHER AGREEMENTS

This Agreement shall be subject to any other agreements you have entered into with Prosper.

## ADDITIONAL TERMS

Certain sections or pages on the Site may contain separate terms and conditions of use, which are in addition to the terms and conditions of this Agreement. In the event of a conflict, the additional terms and conditions will govern for those sections or pages.

## SEVERABILITY

If any provision of this Agreement is found to be invalid or unenforceable, the remaining provisions shall be enforced to the fullest extent possible, and the remaining provisions of the Agreement shall remain in full force and effect.

## GENERAL PROVISIONS

This Agreement supersedes any previous Terms of Use Agreement to which you and Prosper may have been bound. This Agreement will be binding on, inure to the benefit of, and be enforceable against the parties and their respective successors and assigns. Neither the course of conduct between parties nor trade practice shall act to modify any provision of the Agreement. All rights not expressly granted herein are hereby reserved.

**COPYRIGHT COMPLAINTS**

If you believe, in good faith, that any materials on the Site infringe your copyrights, notifications of claimed copyright infringement should be sent to Prosper's designated agent. Notification should include:

- an electronic or physical signature of the person authorized to act on behalf of the owner of the copyright interest;
- a description of the copyrighted work that you claim has been infringed;
- a description of where the material you claim is infringing is located on the Site;
- a statement by you that you have a good faith belief that the disputed use is not authorized by the copyright owner, its agent or the law; and
- a statement by you, made under penalty of perjury, that the above information in your notice is accurate and that you are the copyright owner or duly authorized to act on the copyright owner's behalf.

You may contact Prosper's agent for notification of claimed copyright infringement by e-mail at copyright@prosper.com or by regular mail at Prosper Funding LLC, c/o Prosper Marketplace, Inc., 221 Main Street, 3rd Floor, San Francisco, California 94105, Attention: Compliance.

**CONTACTING US**

If you have questions regarding the Agreement or the practices of Prosper, please contact us by e-mail at compliance@prosper.com or by regular mail at Prosper Funding LLC, c/o Prosper Marketplace, Inc., 221 Main Street, 3rd Floor, San Francisco, California 94105, Attention: Compliance.

Last Updated: December 21, 2018

This Borrower Registration Agreement (this "Agreement") is made and entered in between you and Prosper Funding LLC ("Prosper").

The Prosper marketplace is an online credit platform (the "Platform") operated by Prosper. Among other things, Prosper offers access to unsecured personal loans in the form of the promissory note attached hereto as Exhibit A (the "Promissory Note"). All loans originated through the Platform are made by WebBank, a Utah-chartered industrial bank ("WebBank" or "Bank"). A separate legal entity, Prosper Marketplace, Inc. ("PMI"), provides services to Bank in connection with the origination of such loans. Prosper services all loans made through the Platform, but has engaged certain third parties (including PMI) to act as agents of Prosper in the performance of such servicing. The following Agreement describes those services as well as your rights and obligations should you elect to register as a borrower on the Platform. Except for Section 23, when used in this Agreement "we" or "us" refers to Prosper, Bank and their respective agents and affiliates (including without limitation PMI in its capacity as agent of Prosper or Bank).

**1. Registration as a Prosper Borrower.** You are registering with Prosper as a borrower so that you can make loan requests or "listings" through the Platform. In entering into this Agreement, you are agreeing to comply with the Terms of Use for the Platform as well as any other rules or policies set forth on Prosper's website (www.prosper.com), any of which may be amended from time to time by Prosper in its sole discretion (collectively, as amended, the "Prosper Terms and Conditions"). The Prosper Terms and Conditions are accessible on Prosper's website.

We reserve the right to restrict access to the Platform to individuals who meet minimum credit guidelines and other criteria, as determined by us in our sole discretion.

**2. Authorization to Obtain Credit Report.** By registering on the Platform as a borrower, you authorize us or our agents (including PMI), to obtain credit reports from **one or more** consumer credit reporting agencies in connection with an application for an extension of credit or at any other time in our sole discretion during the term of your loan. We may use the credit reports for any lawful purpose, including but not limited to (i) for authentication purposes, to make sure you are who you say you are; (ii) to make credit decisions; (iii) for internal modeling and analysis purposes; (iv) to administer the sale of any Borrower Payment Dependent Notes ("Notes") associated with your loan or the sale of your loan in its entirety; (v) to obtain and display information and characteristics from your credit report to potential investors in your loan or Notes associated with your loan including purchasers on a secondary trading platform; and (vi) to market products or services to you. Information from your credit report will be displayed on the Prosper website with your listing. You authorize us to verify information in your credit report and your listing, and you agree that we may contact third parties without further notice to you to verify any such information.

**3. Appointment of Limited Power of Attorney and Note Registrar.** If your listing receives sufficient investor commitments to fund, and you do not withdraw your listing prior to expiration of the listing period, you hereby authorize each of Prosper and PMI (and their affiliates) to act as your true and lawful Attorney-in-Fact and agent, with full power of delegation and substitution, for you in your name, place and stead, in any and all capacities, to complete and execute a Promissory Note containing the material terms set forth on the attached Exhibit A on your behalf in favor of Bank and reflecting the debt obligation reflected on your final Truth in Lending disclosure(s). You further authorize Prosper and PMI (and their affiliates) to (i) perform each and every act necessary to be done in connection with executing such Promissory Note as you might or could do in person and (ii) approve, execute and deliver the provisions of any instruments, documents, agreements, powers, releases and certificates related to the Promissory Note and to perform each and every actions regarding the same, including but not limited to, any legal or beneficial assignment of the Promissory Note. This Power of Attorney is limited to the purpose described above.

This Power of Attorney may be revoked by contacting Prosper by emailing us at support@prosper.com or calling us at 1-866-615-6319 and closing your account only if done prior to the origination of your loan and execution of the Promissory Note on your behalf. If you choose to revoke this Power of Attorney prior to execution, we will be unable to process your loan request and any pending loan request will be considered withdrawn. Any act or thing lawfully done hereunder prior to any revocation and within the powers herein by any attorney in fact shall be binding on you and your heirs, legal and personal representatives and assigns.

You further appoint Prosper as your authorized agent (in such capacity the "Note Registrar") to maintain a book-entry system (the "Register") identifying the owners of such Promissory Note and the owners' addresses and payment instructions. The person or persons identified as owners of such Promissory Note in the Register shall be deemed to be the owner(s) of the Promissory Note for purposes of receiving payment of principal and interest on such Promissory Note and for all other purposes. Any transfer of such Promissory Note shall be effective only upon being recorded in the Register. The Note Registrar may retain the services of another party to fulfill its duties as Note Registrar. The Note Registrar's recordkeeping obligations will be unaffected by any transfers of the Promissory Note.

**4. Listings.** The Platform connects applicants who wish to obtain loans with investor members who wish to help fund them. To receive a loan, you, a borrower member, must submit a loan listing through the Platform. The listing is a request by you for a loan in the amount and at the interest rate specified in the listing. In order to submit a listing through the Platform, you must have a good faith intent to obtain and repay your loan, and your listing must be consistent with that intent.

In order for your listing to become a loan, you must receive aggregate funding commitments from Prosper investor members that equal or exceed the minimum funding amount applicable to your listing. After you submit your loan listing and complete certain verification stages, Prosper will allocate your listing to one of three funding channels, based upon an allocation methodology determined by Prosper: (i) the first channel allows investor members to commit to purchase Notes from Prosper, the payments of which are dependent on the payments you make on your loan (the "Note Channel"); (ii) the second channel allows investor members to commit to purchase 100% of your loan directly from Prosper ("Active Loan Channel"); and (iii) the third channel reserves your loan for sale to an investor member who has already committed to purchase loans like yours

commitments. If your listing is allocated to Passive Loan Channel, it will automatically be considered to have received a commitment equal to the amount of the loan requested.

If your listing is allocated to the Note Channel, investor members who purchase Notes tied to your loan may resell those Notes to other investor members on a secondary trading platform. Prosper may add or remove secondary trading platforms at any time in its sole discretion.

_Information Included in Listings._ To submit a listing, you must provide the amount of the loan you are requesting as well as your annual income, occupation and employment status. The minimum and maximum loan amounts you may request are posted on the Prosper website and are subject to change by us at any time without notice. We reserve the right to restrict the submission of listings through the Platform to applicants who meet minimum credit guidelines and other criteria, as determined by us in our sole discretion.

You authorize and agree that we may include in your listing any information from the credit report we obtain pursuant to Section 2 above, including but not limited to the following information:

(i) Your Prosper Rating, which is calculated by us but based on information from your credit report;

(ii) Your debt-to-income ratio, expressed as a percentage, reflecting the ratio between the amount of your monthly non-mortgage debt, as compared to the amount of monthly income that you indicated when completing your listing;

(iii) The number of accounts on which you are currently late on a payment;

(iv) The total past-due amount you owe on all delinquent and charged-off accounts;

(v) The number of 90+ days past due delinquencies on your credit report;

(vi) The number of public records (e.g., bankruptcies, liens, and judgments) on your credit report;

(vii) The month and year the oldest account on your credit report (e.g., revolving, installment, or mortgage credit) was opened;

(viii) The total number of credit lines appearing on your credit report, along with the number that are open and current;

(ix) The total balance on all of your open revolving credit lines;

(x) Your bankcard utilization ratio, expressed as a percentage, reflecting the ratio of the total balance used, to the aggregate credit limit on, all of your open bankcards; and

(xi) The number of inquiries made by creditors to your credit report in the last six months.

In addition, you authorize and agree that we may display any of the above information in a listing for a Note corresponding to your loan on a secondary trading platform, and that we may display updated information from your credit report, as well as information about the payment history and status of your loan, in any such listing.

Listings displayed on either Platform may also include any information we ask you to provide. You authorize us to verify your residence, income, employment and any other information you provide in connection with a listing or your registration as a borrower, and you agree that we may contact third parties to verify information you provide. If any such information changes after you submit a listing but before the listing expires, you must either (i) promptly notify us of the change, or (ii) if possible, withdraw your listing.

In creating your listing, or posting content anywhere on Prosper's website, you may not include (i) any personally identifiable information, including, without limitation, your name, address, phone number, email address, Social Security number, driver's license number, bank account number or credit card number, (ii) any information that reveals your race, color, religion, national origin, sex, marital status, age, sexual orientation, military status, source of income, or plans for having a family, and (iii) any information that is inconsistent with your obligations to refrain from engaging in any Prohibited Activities (as defined below) (any information of the type described in parts (i), (ii) or (iii) being, "Prohibited Information"). We may take remedial action with respect to any Prohibited Information you post on Prosper's web site, including without limitation canceling any listing containing Prohibited Information or deleting or modifying all or any portion of a listing description or other content that contains Prohibited Information; provided, however, that we are under no obligation to take any such action, and any posting of Prohibited Information by you on Prosper's web site is done solely at your own risk.

_Listings Allocated to the Note Channel._ Any person who visits the Prosper website will be able to view your listing and see your Prosper Rating as well as certain information about the loan you have requested; provided, however, information from your credit report will only be viewable by investor members.

We may elect in our sole discretion to give you a partial funding option, which means your loan will be funded if it receives commitments totaling less than the full amount of your requested loan but equal to or exceeding 70% of that amount (subject to the loan size minimum). Each loan listing related to a borrower who was offered the partial funding option will indicate the minimum amount required for the loan to fund. The current percentage threshold for partial funding is 70%, but we may change that threshold from time to time. Any such change will only affect listings created after the change is made.

_Duration of Listings._ A listing will expire at the earlier of (a) the time at which it has received commitments equal to the full amount of the loan

withdrawn by you or cancelled by us prior to either of those events. If a listing is added to Active Loan Channel and does not receive commitments sufficient to fund within a reasonable amount of time determined in Prosper's sole discretion after being allocated, it will automatically be reallocated to the Note Channel.

*WITHDRAWAL OF LISTINGS.* YOU HAVE THE RIGHT TO WITHDRAW YOUR LISTING AT ANY TIME PRIOR TO THE EXPIRATION OF THE LISTING PERIOD AS DESCRIBED ABOVE. AFTER THE LISTING PERIOD EXPIRES, YOU WILL NO LONGER HAVE THE RIGHT TO WITHDRAW YOUR LISTING. IF A LOAN IS MADE TO YOU, YOU DO NOT HAVE ANY RIGHT TO RESCIND THE LOAN.

If you elect to withdraw your listing, the inquiry posted on your credit profile upon your acceptance of this Agreement will not be removed. We reserve the right, in our sole discretion, to limit the number of listings you submit or attempt to submit through the Platform.

*Additional Loans.* Additional loans are subject to additional restrictions. The guidelines and eligibility requirements for additional loans are posted on the Prosper website and are subject to change by us in our sole discretion at any time without notice. Subject to these requirements, you may have up to two loans outstanding at any one time, provided that the aggregate outstanding principal balance of your loans does not exceed the maximum loan amount then in effect. You may not submit a listing for a second loan unless you meet the eligibility requirements then in effect as of the date of such submission.

*Prohibited Activities.* You agree that you will not, in connection with any listings, investor commitments, loans or other transactions involving or potentially involving Prosper or Bank, (i) make any false, misleading or deceptive statements or omissions of material fact; (ii) misrepresent your identity, or describe, present or portray yourself as a person other than yourself; (iii) give to or receive from, or offer or agree to give to or receive from, any Prosper investor member or other person any fee, bonus, additional interest, kickback or thing of value of any kind, including in exchange for such person's commitment, or offer or agreement to make a commitment with respect to your listing; and (iv) represent yourself to any person as a director, officer or employee of Prosper, PMI or Bank, unless you are such director, officer or employee.

**5. Right to Verify Information and Cancel Funding.**

a. We reserve the right to verify the accuracy of all information provided by borrower and investor members in connection with listings, investor commitments and loans. We also reserve the right to determine in our sole discretion whether a registered user is using, or has used, the Prosper website illegally or in violation of any order, writ, injunction or decree of any court or governmental instrumentality, for purposes of fraud or deception, or otherwise in a manner inconsistent with the Prosper Terms and Conditions or any agreement between Prosper or Bank and such user. We may conduct our review at any time - before, during or after the submission of a listing, or before or after the funding of a loan. You agree to respond promptly to our requests for information in connection with any such review by us. We reserve the right to cancel your listing if we determine, under our sole discretion, that you have failed to respond to our requests for information in a timely manner in connection with our verification process.

b. In the event we determine, prior to funding a loan, that a listing, or an investor commitment for the listing, contains materially inaccurate information (including but not limited to inaccuracies related to the borrower's income, residence or creditworthiness, whether or not due to changes in circumstance) or was submitted illegally, in violation of any order, writ, injunction or decree of any court or governmental instrumentality, for purposes of fraud or deception, or otherwise in a manner inconsistent with the Prosper Terms and Conditions or any member agreement, or was generated in error or is otherwise inconsistent with the applicable credit policy and criteria, we may refuse to accept the listing or, if the listing has already been accepted, remove the listing from the Platform and cancel all investor commitments with respect to the listing.

c. When a listing receives commitments equal to or exceeding the minimum amount required for the loan to fund, we may conduct a "pre-funding" review prior to funding the loan. Loan funding occurs when loan proceeds are disbursed to or at the direction of the borrower. We may, at any time and in our sole discretion, delay funding of a loan (i) in order to enable us to verify the accuracy of information provided by borrower members, investor members in connection with the listing or investor commitments made with respect to the listing; (ii) to determine whether there are any irregularities with respect to the listing or the investor commitments; or (iii) if we become aware of information concerning the borrower member or the listing during our pre-funding review, as a result of which we determine, in our sole discretion, that the likelihood of the borrower not making payments on the loan is materially greater than would be expected based on the assigned Prosper Rating. We may cancel or proceed with funding the loan, depending on the results of our pre-funding review. If funding is cancelled, the listing will be removed from the Platform and all investor commitments against the listing will be cancelled. In the event we cancel funding of a loan, we will notify the borrower, and all investor members who made commitments with respect to the listing of such cancellation.

d. We may verify any of the information you provide in applying for a loan and creating a listing, and may require that you submit evidence sufficient to permit us to verify the information you provided or other information we deem necessary. We have sole discretion to determine what evidence suffices, and it is your obligation to provide that evidence. If you fail to do so within a reasonable timeframe within our discretion, we may cancel your listing. However, if we are able to obtain the information we require from other sources, or determine that the information is no longer necessary, your loan may originate even though you have not submitted the required documents.

e. If you provide your bank login credentials to a bank verification vendor hosted on Prosper's site, you agree that Prosper (including PMI), its agents and affiliates, and the Bank may access and obtain your bank account information, including your account and routing number, account holder name, and transactional history. We may access and obtain this information for any bank account available through your bank login credentials. You authorize Us to use this information for any lawful purpose, including to verify your bank account (including ownership), income and employment, identity, for anti-fraud purposes, and to determine or verify eligibility (including for a loan or for specific terms such as pricing). We will only access and obtain this information prior to the origination of your loan.

Depending on which service you select and which vendor Prosper utilizes, you may use Plaid Inc. ("Plaid") to gather your bank account information from certain financial institutions and provide that information to Prosper. You grant Plaid and Us the right, power and authority to act on your behalf to access and transmit your personal and financial information from the relevant financial institution, as described above. By using the Plaid service, you agree that you are providing your bank login credentials to Plaid and that your personal and financial information will be transferred, stored and accessed by Plaid in accordance with the Plaid Privacy Policy. For information on how Plaid stores and uses your bank credentials and account information, please review Plaid's privacy policy, available at https://plaid.com/legal.

You understand that if you provide inaccurate credentials, your bank may restrict your ability to access your account information until you can establish your identity and reset your credentials, and we may be unable to process your loan application. If we are not able to verify necessary items through this process, you may be required to undergo manual verification.

**6. Matching of Investor Commitments and Listings; Loan Funding.**

a. If your listing is allocated to the Note Channel, Prosper investor members will be able to view your listing and commit funds to purchase Notes issued by Prosper, the payments on which will be dependent on payments Prosper receives from you on your loan. In other words, the Prosper investor members who committed funds will receive payments on their Notes only to the extent you make payments on your loan. If your listing is allocated to the Active Loan Channel or the Passive Loan Channel, Prosper investor members will commit funds to purchase from Prosper a Promissory Note evidencing the loan made by Bank to you.

b. A match of your listing with one or more investor commitments equal to or exceeding the minimum amount required for the loan to fund, will result in a loan from Bank to you, subject to our right to verify information as described above. The loan will be evidenced by a Promissory Note in the form set forth on the attached Exhibit A. Depending on the loan product you receive, loan proceeds are disbursed into your designated deposit account or they are paid directly to a merchant in satisfaction of your purchase of goods and/or services from that merchant. The loan may be sold by Bank to Prosper, and Prosper may hold the loan or sell it to one of its investor members. Prosper or its agents will service the loan on behalf of the loan's owner.

c. We do not warrant or guaranty that your listing will be matched with any investor commitments. Your listing must receive one or more investor commitments equal to or exceeding the minimum amount required for the loan to fund in order for a loan to be made.

d. To safeguard your privacy rights, your name and address will not be included in your listing. Only your Prosper screen name will appear on your listing, and only the screen name of the investor members will appear with investor commitments.

**7. Compensation.** If you receive a loan, you must pay Bank a non-refundable origination fee. The amount of the estimated origination fee is stated in the disclosures provided to you at the time you apply. This amount will decline if you've been offered a partial funding option and your loan is not 100% funded. Notwithstanding the foregoing, no amount of the finally determined fee is refundable. The finally determined fee will be stated in your Truth in Lending disclosure. This fee will be deducted from your loan proceeds, so the loan proceeds delivered to you or at your direction will be less than the full amount of your issued loan. You acknowledge that the origination fee will be considered part of the principal on your loan and is subject to the accrual of interest.

**8. Making Your Loan Payments.** At the time you register as a borrower, you must provide your bank account information to facilitate transfers of funds to and from your bank account. Your loan payments will be made by the payment method you choose. Prosper or its agents will act as the servicer for all loans you obtain through the Platform, and all communications regarding your loan must be made to Prosper or its agents.

**9. Collection & Reporting of Delinquent Loans.** In the event you do not make your loan payments on time, Bank or any subsequent owner of the loan will have all remedies authorized or permitted by the Promissory Note and applicable law. In addition, if you fail to make timely payments on your loan, your loan may be referred to a collection agency for collection. Prosper or its agents may report loan payment delinquencies in excess of thirty (30) days to one or more credit reporting agencies in accordance with applicable law. See the "Permission to Contact" section below for additional important information.

**10. No Guarantee.** Neither Prosper nor Bank warrants or guarantees (1) that your listing will be matched with any investor commitments, or (2) that you will receive a loan as a result of submitting a listing.

**11. Restrictions on Use.** You are not authorized or permitted to use the Prosper website to obtain, or attempt to obtain, a loan for someone other than yourself. You are not authorized or permitted to use the Prosper website to obtain, or attempt to obtain, a loan for the purpose of (i) buying, carrying or trading in securities or for the purpose of buying or carrying any part of an investment contract security, (ii) paying for postsecondary educational expenses (i.e., tuition, fees, required equipment or supplies, or room and board) at a college/university/vocational school, as the term "postsecondary educational expenses" is defined in Bureau of Consumer Financial Protection Regulation Z, 12 C.F.R. § 1026.46(b)(3), or (iii) engaging in any illegal activity or gambling, and you warrant, represent and agree that you will not use the proceeds of any loan for such purposes. You must be an owner of the deposit account you designate for electronic transfers of funds, with authority to direct that loan payments be made from the account. Although you are registering as a borrower member, you may also register and participate on the Platform as an investor member. If you participate on the Platform as an investor member, any amounts in your Prosper funding account are subject to set-off against any delinquent amounts owing on any loans you obtain as a Prosper borrower. You will not receive further notice in advance of our exercising our right to set-off amounts in your Prosper funding account against any delinquent amounts owing on any loans you obtain. If you obtain a loan and fail to pay your loan in full, whether due to default, bankruptcy or other reasons, you will not be eligible to submit any further listings or re-register with Prosper as a borrower or investor member. We may in our sole discretion, with or without cause and with or without notice, restrict your access to the Prosper website or Platform.

**12. Authority.** You warrant and represent that you have the legal competence and capacity to execute and perform this Agreement.

**13. Termination of Registration.** Prosper may, in its sole discretion, with or without cause, terminate this Agreement at any time by giving you notice as provided below. In addition, upon our determination that you committed fraud or made a material misrepresentation in connection with a listing, investor commitment or loan, performed any prohibited activity, or otherwise failed to abide by the terms of this Agreement or the Prosper Terms and Conditions, we may, in our sole discretion, immediately and without notice, take one or more of the following actions: (i) terminate or suspend your right to submit listings or otherwise participate on the Platform; or (ii) terminate this Agreement and your registration with Prosper. Upon termination of this Agreement and your registration with Prosper, any listings you have submitted through the Platform shall be cancelled, and will be removed from the Platform immediately. Any loans you obtain prior to the effective date of termination resulting from listings you had placed on the Platform shall remain in full force and effect in accordance with their terms.

**14. Prosper's Right to Modify Terms.** Prosper has the right to change any term or provision of this Agreement or the Prosper Terms and Conditions. Prosper will give you notice of material changes to this Agreement, in the manner set forth in Section 16. You authorize us to correct obvious clerical errors appearing in information you provide to us, without notice to you, although we expressly undertake no obligation to identify or correct such errors. This Agreement, along with the Prosper Terms and Conditions, represents the entire agreement between you and Prosper regarding your participation as a borrower on the Platform, and supersedes all prior or contemporaneous communications, promises and proposals, whether oral, written or electronic, between you and Prosper with respect to your involvement as a borrower on the Platform.

**15. Posting of Personal Information.** You may not include or display any personally identifying information of any Prosper member anywhere on the Prosper website, including, without limitation, any Prosper member's name, address, phone number, email address, Social Security number, driver's license number, bank account number or credit card number.

**16. Notices.** All notices and other communications hereunder shall be given either by: (1) email to your registered email address; (2) message to your Prosper message inbox; (3) posting on your Prosper account's login, post-login, or home page; (4) posting to your Prosper account; (5) posting on the Prosper website, (6) deposit with U.S. mail or other nationally recognized courier, and shall be deemed to have been duly given and effective upon transmission or posting, or (7) any other means authorized by you. It is your responsibility to monitor these areas. You can contact us by sending an email to support@prosper.com. You agree to notify Prosper if your registered email address changes, and you agree to update your registered residence address, mailing address and telephone number on the Prosper website if any of those items changes.

**17. No Warranties.** Except for the representations contained in this Agreement, Prosper does not make any representations or warranties to you or any other party with regard to your use of the Prosper website or the Platform, including, but not limited to, any implied warranties of merchantability or fitness for a particular purpose.

**18. Limitation on Liability.** In no event shall any party to this Agreement be liable to any other party for any lost profits or special, exemplary, consequential or punitive damages, even if informed of the possibility of such damages. Furthermore, neither party makes any representation or warranty to any other party regarding the effect that the Agreement may have upon the foreign, federal, state or local tax liability of the other.

## 19. STATE NOTICES

<u>California Residents</u>: Married registrants may apply for a separate account.

<u>Maine Residents</u>: NOTICE TO CONSUMER: Do not sign this agreement before you read it. You are entitled to a copy of this agreement. Maine law requires that the following disclosures be provided to you before any contract is signed with, and before any money is paid to, Prosper or to third parties. The agreement between you and Prosper must be in writing and signed, and must contain a description of the services to be performed, payment details, any guarantees, the time frame of the contract, and offers of full or partial refunds, as well as a notice informing you of the importance of reading the contract and retaining a copy. Prosper has a $25,000 consumer protection bond on file with the State of Maine. If you have a claim against Prosper that cannot be resolved through informal means, you may institute an action to recover your loss from that bond by filing a written complaint with the Superintendent, Bureau of Consumer Credit Protection, 35 State House Station, Augusta, Maine 04333-0035.

<u>North Dakota Residents</u>: NOTICE: MONEY BROKERS ARE LICENSED AND REGULATED BY THE DEPARTMENT OF FINANCIAL INSTITUTIONS, 2000 SCHAFER STREET, SUITE G, BISMARCK, NORTH DAKOTA 58501-1204. THE DEPARTMENT OF FINANCIAL INSTITUTIONS HAS NOT PASSED ON THE MERITS OF THE CONTRACT AND LICENSING DOES NOT CONSTITUTE AN APPROVAL OF THE TERMS OR OF THE BROKER'S ABILITY TO ARRANGE ANY LOAN. COMPLAINTS REGARDING THE SERVICES OF MONEY BROKERS SHOULD BE DIRECTED TO THE DEPARTMENT OF FINANCIAL INSTITUTIONS.

<u>South Dakota Residents</u>: Any improprieties in the making of this loan or loan practices related to this loan may be referred to the South Dakota Division of Banking. The Division of Banking is located at 1601 N. Harrison Avenue, Suite 1, Pierre, SD 57501. Phone: 605.773.3421.

<u>Ohio Residents</u>: The Ohio laws against discrimination require that all creditors make credit equally available to all credit worthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio civil rights commission administers compliance with this law.

<u>Texas Residents</u>: For questions or complaints about this loan, contact Prosper Marketplace, Inc. at 1-866-615-6319 or support@prosper.com. Prosper Marketplace, Inc. is licensed and examined under Texas law by the Office of Consumer Credit Commissioner (OCCC), a state agency. If

Website: occc.texas.gov. E-mail: consumer.complaints@occc.texas.gov

Wisconsin Residents: No provision of a marital property agreement, a unilateral statement or a court decree adversely affects the interest of the creditor unless the creditor, prior to the time the credit is granted, is furnished a copy of the agreement, statement or decree or has actual knowledge of the adverse provision when the obligation to the creditor is incurred.

**Please see the attached Promissory Note for additional important state notices.**

**20. Miscellaneous.** You may not assign, transfer, sublicense or otherwise delegate your rights under this Agreement to another person without Prosper's prior written consent. Prosper may assign this Agreement at any time without your permission, unless prohibited by applicable law. Any such assignment, transfer, sublicense or delegation in violation of this Section 20 shall be null and void. This Agreement shall be governed by federal law and, to the extent that state law applies, the laws of the State of Delaware. Any waiver of a breach of any provision of this Agreement will not be a waiver of any other breach. Failure or delay by either party to enforce any term or condition of this Agreement will not constitute a waiver of such term or condition. If any part of this Agreement is determined to be invalid or unenforceable under applicable law, then the invalid or unenforceable provision will be deemed superseded by a valid enforceable provision that most closely matches the intent of the original provision, and the remainder of the Agreement shall continue in effect. Bank is not a party to this Agreement, but you agree that Bank is a third-party beneficiary and is entitled to rely on the provisions of this Agreement, including without limitation your representations, covenants and agreements herein. There are no third party beneficiaries to this Agreement other than Bank.

**21. Performance by Prosper and Bank.** You acknowledge and agree that any obligations of or actions by Prosper under this Agreement may be performed by PMI on behalf of Prosper in PMI's capacity as servicer or agent of Prosper under any administrative services or similar agreement entered into between PMI and Prosper pursuant to which Prosper appoints PMI as servicer or agent to provide administrative, management, servicing or other services to Prosper. You also acknowledge and agree that any obligations of or actions by Bank under this Agreement may be performed by PMI on behalf of Bank in PMI's capacity as agent of Bank under any loan program or similar agreement entered into between PMI and Bank pursuant to which Bank appoints PMI as agent to provide services to Bank.

**22. Separate Entities.** Notwithstanding Section 21, you acknowledge and agree that Prosper, Bank and PMI are separate legal entities and that neither entity has guaranteed the performance by the other entity of its obligations hereunder.

**23. Arbitration. RESOLUTION OF DISPUTES: YOU ACKNOWLEDGE THAT YOU HAVE READ THIS PROVISION CAREFULLY, AND UNDERSTAND THAT IT LIMITS YOUR RIGHTS IN THE EVENT OF A DISPUTE BETWEEN YOU AND US. YOU UNDERSTAND THAT YOU HAVE THE RIGHT TO REJECT THIS PROVISION, AS PROVIDED IN PARAGRAPH (i) BELOW.**

(a) In this Resolution of Disputes provision:

(i) "You" and "your" mean the individual entering into this Agreement, as well as any person claiming through such individual;

(ii) "We" and "us" mean Bank and Prosper Funding LLC and each of their respective parents, subsidiaries, affiliates, predecessors, successors, and assigns, as well as the officers, directors, and employees of each of them;

(iii) "Claim" means any dispute, claim, or controversy (whether based on contract, tort, intentional tort, constitution, statute, ordinance, common law, or equity, whether pre-existing, present, or future, and whether seeking monetary, injunctive, declaratory, or any other relief) arising from or relating to this Agreement or the relationship between us and you (including claims arising prior to or after the date of the Agreement, and claims that are currently the subject of purported class action litigation in which you are not a member of a certified class), and includes claims that are brought as counterclaims, cross claims, third party claims or otherwise, as well as disputes about the validity or enforceability of this Agreement or the validity or enforceability of this Section 23.

(b) Any Claim shall be resolved, upon the election of either us or you, by binding arbitration administered by the American Arbitration Association or JAMS, under the applicable arbitration rules of the administrator in effect at the time a Claim is filed ("Rules"). **Any arbitration under this Agreement will take place on an individual basis; class arbitrations and class actions are not permitted.** If you file a claim, you may choose the administrator; if we file a claim, we may choose the administrator, but we agree to change to the other permitted administrator at your request (assuming that the other administrator is available). You can obtain the Rules and other information about initiating arbitration by contacting the American Arbitration Association at 1633 Broadway, 10th Floor, New York, NY 10019, www.adr.org; or by contacting JAMS at 1920 Main Street, Suite 300, Irvine, CA 92614, (949) 224-1810, www.jamsadr.com. The address for serving any arbitration demand or claim on us is Prosper Marketplace, Inc., 221 Main Street, Suite 300, San Francisco, CA 94105, Attention: Compliance.

(c) Claims will be arbitrated by a single, neutral arbitrator, who shall be a retired judge or a lawyer with at least ten years' experience. We agree not to invoke our right to elect arbitration of an individual Claim filed by you in a small claims or similar court (if any), so long as the Claim is pending on an individual basis only in such court.

(d) We will pay all filing and administration fees charged by the administrator and arbitrator fees up to $1,000, and we will consider your request to pay any additional arbitration costs. If an arbitrator issues an award in our favor, you will not be required to reimburse us for any fees we have previously paid to the administrator or for which we are responsible. If you receive an award from the arbitrator, we will reimburse you for any fees paid by you to the administrator or arbitrator. Each party shall bear its own attorney's, expert's and witness fees, which shall not be considered costs of arbitration; however, if a statute gives you the right to recover these fees, or fees paid to the administrator or arbitrator, then

(e) Any in-person arbitration hearing will be held in the city with the federal district court closest to your residence, or in such other location as you and we may mutually agree. The arbitrator shall apply applicable substantive law consistent with the Federal Arbitration Act, 9 U.S.C. § 1-16, and, if requested by either party, provide written reasoned findings of fact and conclusions of law. The arbitrator shall have the power to award any relief authorized under applicable law. Any appropriate court may enter judgment upon the arbitrator's award. The arbitrator's decision will be final and binding except that: (1) any party may exercise any appeal right under the FAA; and (2) any party may appeal any award relating to a claim for more than $100,000 to a three-arbitrator panel appointed by the administrator, which will reconsider de novo any aspect of the appealed award. The panel's decision will be final and binding, except for any appeal right under the FAA. Unless applicable law provides otherwise, the appealing party will pay the appeal's cost, regardless of its outcome. However, we will consider any reasonable written request by you for us to bear the cost.

(f) YOU AND WE AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN OUR INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING. Further, unless both you and we agree otherwise in writing, the arbitrator may not consolidate more than one person's claims. The arbitrator shall have no power to arbitrate any Claims on a class action basis or Claims brought in a purported representative capacity on behalf of the general public, other borrowers, or other persons similarly situated. The validity and effect of this paragraph (f) shall be determined exclusively by a court, and not by the administrator or any arbitrator.

(g) If any portion of this Section 23 is deemed invalid or unenforceable for any reason, it shall not invalidate the remaining portions of this section. However, if paragraph (f) of this Section 23 is deemed invalid or unenforceable in whole or in part, then this entire Section 23 shall be deemed invalid and unenforceable. The terms of this Section 23 will prevail if there is any conflict between the Rules and this section.

(h) YOU AND WE AGREE THAT, BY ENTERING INTO THIS AGREEMENT, THE PARTIES ARE EACH WAIVING THE RIGHT TO A TRIAL BY JURY OR TO PARTICIPATE IN A CLASS ACTION. YOU AND WE ACKNOWLEDGE THAT ARBITRATION WILL LIMIT OUR LEGAL RIGHTS, INCLUDING THE RIGHT TO PARTICIPATE IN A CLASS ACTION, THE RIGHT TO A JURY TRIAL, THE RIGHT TO CONDUCT FULL DISCOVERY, AND THE RIGHT TO APPEAL (EXCEPT AS PERMITTED IN PARAGRAPH (e) OR UNDER THE FEDERAL ARBITRATION ACT).

(i) You understand that you may reject the provisions of this Section 23, in which case neither us nor you will have the right to elect arbitration. Rejection of this Section 23 will not affect the remaining parts of this Agreement. To reject this Section 23, you must send us written notice of your rejection within 30 days after the date that this Agreement was made. You must include your name, address, and account number. The notice of rejection must be mailed to Prosper Marketplace, Inc., 221 Main Street, Suite 300, San Francisco, CA 94105, Attention: Legal Department. This is the only way that you can reject this Section 23.

(j) You and we acknowledge and agree that the arbitration agreement set forth in this Section 23 is made pursuant to a transaction involving interstate commerce, and thus the Federal Arbitration Act shall govern the interpretation and enforcement of this Section 23. This Section 23 shall survive the termination of this Agreement.

(k) This section shall not apply to covered borrowers as defined in the Military Lending Act.

**24. Electronic Transactions.** This Agreement includes your express consent to electronic transactions and disclosures, which consent is set forth in the section entitled "Consent to Doing Business Electronically" as disclosed in our Terms of Use on our website, the terms and conditions of which are expressly incorporated herein in their entirety. You expressly agree that each of (a) this Agreement and (b) any Promissory Note in the form set forth on the attached Exhibit A that we sign on your behalf, may comprise a "transferable record" for all purposes under the Electronic Signatures in Global and National Commerce Act and the Uniform Electronic Transactions Act.

**25. Permission to Contact.** When you give us your contact information (including but not limited to home and/or mobile phone number, work phone number, address and email address), we have your permission to contact you at any of those numbers or addresses, and any other number, address or email address that you provide in the future or that we believe we may reach you through (unless prohibited by applicable law), about your Prosper accounts. Your consent allows us to use written, electronic or verbal means to contact you, including but not limited to text messaging, artificial or prerecorded voice messages, automatic dialing technology and emails, for all purposes not prohibited by applicable law. Message and data rates may apply. Some of the purposes for calls and messages include (but are not limited to): suspected fraud or identity theft; obtaining information; transactions on or servicing of your account; and collecting on your account. Our rights under this Section extend to our affiliates, subsidiaries, parents, agents, vendors, and anyone so affiliated with the owner of any note evidencing a loan you obtain. Notify us immediately of any changes to your contact information by changing your contact information on your Prosper account information - settings page.

**26. Military Lending Act.** The Military Lending Act provides specific protections for active duty service members and their dependents in consumer credit transactions. This Section includes information on the protections provided to covered borrowers as defined in the Military Lending Act.

(a) Statement of MAPR.

Federal law provides important protections to members of the Armed Forces and their dependents relating to extensions of consumer credit. In general, the cost of consumer credit to a member of the Armed Forces and his or her dependent may not exceed an annual percentage rate of 36 percent. This rate must include, as applicable to the credit transaction or account: The costs associated with credit insurance premiums; fees for

transactions or accounts); and any participation fee charged (other than certain participation fees for a credit card account).

(b) The following sections of this Agreement and the Promissory Note shall not be applicable to, and shall not be enforceable against, a covered borrower as defined in the Military Lending Act: Section 23 of this Agreement and Section 18 of the Promissory Note.

(c) Oral Disclosures. Please call 1-855-993-2967 to obtain oral disclosures, including the statement of MAPR and the payment schedule applicable to your loan, required under the Military Lending Act.

Date: _____

By: Prosper Funding LLC

(Signed Electronically)

_____ [Borrower]

(Signed Electronically)

_____

## EXHIBIT A

Promissory Note

Loan ID: _____

Borrower Address: _____.

1. **Promise to Pay.** In return for a loan I have received, I promise to pay WebBank ("you") the principal sum of _____ Dollars (_____), together with interest thereon commencing on the date of origination at the rate of _____ percent (_____%) per annum simple interest. I understand that references in this Promissory Note ("Note") to you shall also include any person to whom you transfer this Note.

2. **Payments.** I will pay the principal, interest, and any late charges or other fees on this Note when due. This Note is payable in ____ monthly installments of _____ each, consisting of principal and interest, commencing on the _____ day of _____, and continuing until the final payment of _____ on _____, which is the maturity date of this Note. Because of the daily accrual of interest on my loan and the effect of rounding, my final payment may be more or less than my regular payment. My final payment shall consist of the then remaining principal, unpaid accrued interest and other charges due under this Note. All payments will be applied first to any unpaid fees then due, whether they are incurred as a result of failed payments, as provided in Paragraph 11, payment processing fees assessed, or any late payments, as provided in Paragraph 4; then to any interest then due; and then to principal. However, if I am delinquent, the application of my payments may change. No unpaid interest, fees or charges will be added to principal. I further acknowledge that, if I make my payments after the scheduled due date, or incur a charge/fee, this Note will not amortize as originally scheduled, which may result in a substantially higher final payment amount.

3. **Interest.** Interest will be charged on unpaid principal until the full amount of principal has been paid. Interest under this Note will accrue daily, on the basis of a 365-day year. The interest rate I will pay will be the rate I will pay both before and after any default.

4. **Late Charge.** If the full amount of any monthly payment is not made by its due date, I will pay you a late charge of the greater of $15 or 5.00% of the unpaid portion of the monthly payment. I will pay this late charge when it is assessed but only once on each late payment.

5. **Claims and Defenses; Waiver of Defenses; Exception to Waiver.** Except as otherwise provided in this Note, you are not responsible or liable to me for the quality, safety, legality, or any other aspect of any property or services purchased with the proceeds of my loan. If I have a dispute with any person from whom I have purchased such property or services, I agree to settle the dispute directly with that person.

**If and only if the proceeds of my loan will be applied in whole or part to purchase property or services from a person or entity that has entered into a contractual relationship with you or Prosper related to financing of such property or services, the following notice may apply:**

### NOTICE

**ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

6. **Certification.** I certify that the proceeds of my loan will not be applied in whole or in part to postsecondary educational expenses (i.e., tuition, fees, required equipment or supplies, or room and board) at a college/university/vocational school, as the term "postsecondary educational expenses" is defined in Bureau of Consumer Financial Protection Regulation Z, 12 C.F.R. § 1026.46(b)(3).

(ACH) or (ii) by check.

I understand that payments by check may incur an additional processing fee of up to $5.00 for each payment by check. Currently applicable fees are available at www.prosper.com or by calling 1-866-615-6319. I will make all checks payable to Prosper Funding LLC and send them to Prosper Marketplace, Inc., P.O. Box 396081, San Francisco, CA 94139-6081 in a manner so as to ensure that it is received with sufficient time to process prior to my scheduled payment due date. To ensure efficient processing of my check, I will reference my loan number on the check.

I recognize that if I have automated withdrawal enabled, it is my responsibility to ensure that all amounts I owe are paid when due, even if not debited from my account.

If I close my account or if my account changes or is otherwise inaccessible such that you are unable to withdraw my payments from that account or process my check, I will notify you at least three (3) business days prior to any such closure, change or inaccessibility of my account, and authorize you to withdraw my payments, or I will provide a check, from another account that I designate.

With regard to payments made by automatic withdrawals from my account, I have the right to (i) stop payment of a preauthorized automatic withdrawal, or (ii) revoke my prior authorization for automatic withdrawals with regard to all further payments under this Note, by notifying the financial institution where my account is held, orally or in writing at least three (3) business days before the scheduled date of the transfer. I agree to notify you orally or in writing, at least three (3) business days before the scheduled date of the transfer, of the exercise of my right to stop a payment or to revoke my prior authorization for further automatic withdrawals.

**8. Default and Remedies**. If I fail to make any payment when due in the manner required by Paragraph 7, I will be delinquent. If I (a) am delinquent, (b) file or have instituted against me a bankruptcy or insolvency proceeding or make any assignment for the benefit of creditors, or (c) in the event of my death, you may in your sole discretion deem me in default and accelerate the maturity of this Note and declare all principal, interest and other charges due under this Note immediately due and payable. If you deem me in default due to delinquency and if you exercise the remedy of acceleration, you will use reasonable efforts to provide prior notice of acceleration.

**9. Prepayments**. I may prepay this Note in full or in part at any time without penalty. I acknowledge that partial prepayments will not change the due date or amount of my monthly payment.

**10. Waivers**. You may accept late payments or partial payments, even though marked "paid in full," without losing any rights under this Note, and you may delay enforcing any of your rights under this Note without losing them. You do not have to (a) demand payment of amounts due (known as "presentment"), (b) give notice that amounts due have not been paid (known as "notice of dishonor"), or (c) obtain an official certification of nonpayment (known as "protest"). I hereby waive presentment, notice of dishonor and protest. Even if, at a time when I am in default, you do not require me to pay immediately in full as described above, you will still have the right to do so if I am in default at a later time. Neither your failure to exercise any of your rights, nor your delay in enforcing or exercising any of your rights, will waive those rights. Furthermore, if you waive any right under this Note on one occasion, that waiver will not operate as a waiver as to any other occasion.

**11. Insufficient Funds Charge**. If I attempt to make a payment, whether by automated withdrawal from my designated account or by other means, and the payment cannot be made due to (i) insufficient funds in my account, (ii) the closure, change or inaccessibility of my account without my having notified you as provided in Paragraph 7, or (iii) for any other reason (other than an error by you), I will pay you an additional fee of $15 for each returned or failed automated withdrawal or other item, unless prohibited by applicable law. I will pay this fee when it is assessed.

**12. Attorneys' Fees**. To the extent permitted by law, I am liable to you for your legal costs if you refer collection of my loan to a lawyer who is not your salaried employee. These costs may include reasonable attorneys' fees as well as costs and expenses of any legal action.

**13. Loan Charges**. If a law that applies to my loan and sets maximum loan charges is finally interpreted so that the interest or other loan charges collected or to be collected in connection with my loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. You may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me.

**14. Assignment**. I may not assign any of my obligations under this Note without your written permission. You may assign this Note at any time without my permission. Unless prohibited by applicable law, you may do so without telling me. My obligations under this Note apply to all of my heirs and permitted assigns. Your rights under this Note apply to each of your successors and assigns.

**15. Notices**. All notices and other communications hereunder shall be given in writing and shall be deemed to have been duly given and effective (i) upon receipt, if delivered in person or by facsimile, email or other electronic transmission, or (ii) one day after deposit prepaid for overnight delivery with a national overnight express delivery service. Except as expressly provided otherwise in this Note, notices to me may be addressed to my registered email address or to my address set forth above unless I provide you with a different address for notice by giving notice pursuant to this Paragraph, and notices to you must be addressed to WebBank at legal@prosper.com or c/o Prosper Marketplace, Inc., 221 Main Street, Third Floor, San Francisco, CA 94105, Attention: Legal Department.

**16. Governing Law**. This Note is governed by federal law and, to the extent that state law applies, the laws of the State of Utah.

**17. Miscellaneous**. No provision of this Note shall be modified or limited except by an agreement signed by both you and me. The unenforceability of any provision of this Note shall not affect the enforceability or validity of any other provision of this Note.

**18. Arbitration. RESOLUTION OF DISPUTES: I HAVE READ THIS PROVISION CAREFULLY, AND UNDERSTAND THAT**

**RIGHT TO REJECT THIS PROVISION, AS PROVIDED IN PARAGRAPH (i) BELOW.**

(a) In this Resolution of Disputes provision:

(i) "I," "me" and "my" mean the promisor under this Note, as well as any person claiming through such promisor;

(ii) "You" and "your" mean WebBank, any person servicing this Note for WebBank, any subsequent holders of this Note or any interest in this Note, any person servicing this Note for such subsequent holder of this note, and each of their respective parents, subsidiaries, affiliates, predecessors, successors, and assigns, as well as the officers, directors, and employees of each of them; and

(iii) "Claim" means any dispute, claim, or controversy (whether based on contract, tort, intentional tort, constitution, statute, ordinance, common law, or equity, whether pre-existing, present, or future, and whether seeking monetary, injunctive, declaratory, or any other relief) arising from or relating to this Note or the relationship between you and me (including claims arising prior to or after the date of the Note, and claims that are currently the subject of purported class action litigation in which I am not a member of a certified class), and includes claims that are brought as counterclaims, cross claims, third party claims or otherwise, as well as disputes about the validity or enforceability of this Note or the validity or enforceability of this Section.

(b) Any Claim shall be resolved, upon the election of either you or me, by binding arbitration administered by the American Arbitration Association or JAMS, under the applicable arbitration rules of the administrator in effect at the time a Claim is filed ("Rules"). **Any arbitration under this arbitration agreement will take place on an individual basis; class arbitrations and class actions are not permitted.** If I file a claim, I may choose the administrator; if you file a claim, you may choose the administrator, but you agree to change to the other permitted administrator at my request (assuming that the other administrator is available). I can obtain the Rules and other information about initiating arbitration by contacting the American Arbitration Association at 1633 Broadway, 10th Floor, New York, NY 10019, www.adr.org; or by contacting JAMS at 1920 Main Street, Suite 300, Irvine, CA 92614, (949) 224-1810, www.jamsadr.com. Your address for serving any arbitration demand or claim is WebBank, c/o Prosper Marketplace, Inc., 221 Main Street, Third Floor, San Francisco, CA 94105, Attention: Legal Department.

(c) Claims will be arbitrated by a single, neutral arbitrator, who shall be a retired judge or a lawyer with at least ten years' experience. You agree not to invoke your right to elect arbitration of an individual Claim filed by me in a small claims or similar court (if any), so long as the Claim is pending on an individual basis only in such court.

(d) You will pay all filing and administration fees charged by the administrator and arbitrator fees up to $1,000, and you will consider my request to pay any additional arbitration costs. If an arbitrator issues an award in your favor, I will not be required to reimburse you for any fees you have previously paid to the administrator or for which you are responsible. If I receive an award from the arbitrator, you will reimburse me for any fees paid by me to the administrator or arbitrator. Each party shall bear its own attorney's, expert's and witness fees, which shall not be considered costs of arbitration; however, if a statute gives me the right to recover these fees, or fees paid to the administrator or arbitrator, then these statutory rights will apply in arbitration.

(e) Any in-person arbitration hearing will be held in the city with the federal district court closest to my residence, or in such other location as you and we may mutually agree. The arbitrator shall apply applicable substantive law consistent with the Federal Arbitration Act, 9 U.S.C. § 1-16, and, if requested by either party, provide written reasoned findings of fact and conclusions of law. The arbitrator shall have the power to award any relief authorized under applicable law. Any appropriate court may enter judgment upon the arbitrator's award. The arbitrator's decision will be final and binding except that: (1) any party may exercise any appeal right under the FAA; and (2) any party may appeal any award relating to a claim for more than $100,000 to a three-arbitrator panel appointed by the administrator, which will reconsider de novo any aspect of the appealed award. The panel's decision will be final and binding, except for any appeal right under the FAA. Unless applicable law provides otherwise, the appealing party will pay the appeal's cost, regardless of its outcome. However, you will consider any reasonable written request by me for you to bear the cost.

(f) YOU AND I AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN OUR INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING. Further, unless both you and I agree otherwise in writing, the arbitrator may not consolidate more than one person's claims. The arbitrator shall have no power to arbitrate any Claims on a class action basis or Claims brought in a purported representative capacity on behalf of the general public, other borrowers, or other persons similarly situated. The validity and effect of this paragraph (f) shall be determined exclusively by a court, and not by the administrator or any arbitrator.

(g) If any portion of this Section 18 is deemed invalid or unenforceable for any reason, it shall not invalidate the remaining portions of this section. However, if paragraph (f) of this Section 18 is deemed invalid or unenforceable in whole or in part, then this entire Section 18 shall be deemed invalid and unenforceable. The terms of this Section 18 will prevail if there is any conflict between the Rules and this section.

(h) YOU AND I AGREE THAT, BY ENTERING INTO THIS NOTE, THE PARTIES ARE EACH WAIVING THE RIGHT TO A TRIAL BY JURY OR TO PARTICIPATE IN A CLASS ACTION. YOU AND I ACKNOWLEDGE THAT ARBITRATION WILL LIMIT OUR LEGAL RIGHTS, INCLUDING THE RIGHT TO PARTICIPATE IN A CLASS ACTION, THE RIGHT TO A JURY TRIAL, THE RIGHT TO CONDUCT FULL DISCOVERY, AND THE RIGHT TO APPEAL (EXCEPT AS PERMITTED IN PARAGRAPH (e) OR UNDER THE FEDERAL ARBITRATION ACT).

(i) I understand that I may reject the provisions of this Section 18, in which case neither you nor I will have the right to elect arbitration. Rejection of this Section 18 will not affect the remaining parts of this Note. To reject this Section 18, I must send you written notice of my rejection within 30

WebBank, c/o Prosper Marketplace, Inc., 221 Main Street, San Francisco, CA 94105, Attention: Legal Department. This is the only way that I can reject this Section 18.

(j) You and I acknowledge and agree that the arbitration agreement set forth in this Section 18 is made pursuant to a transaction involving interstate commerce, and thus the Federal Arbitration Act shall govern the interpretation and enforcement of this Section 18. This Section 18 shall survive the termination of this Note and the repayment of any or all amounts borrowed thereunder.

(k) This section shall not apply to covered borrowers as defined in the Military Lending Act.

19. **Electronic Transactions**. THIS NOTE INCLUDES YOUR EXPRESS CONSENT TO ELECTRONIC TRANSACTIONS AND DISCLOSURES, WHICH CONSENT IS SET FORTH IN THE PARAGRAPH ENTITLED "CONSENT TO DOING BUSINESS ELECTRONICALLY" AS DISCLOSED IN PROSPER'S TERMS OF USE ON PROSPER.COM, THE TERMS AND CONDITIONS OF WHICH ARE EXPRESSLY INCORPORATED HEREIN IN THEIR ENTIRETY. YOU EXPRESSLY AGREE THAT THIS NOTE MAY COMPRISE A "TRANSFERABLE RECORD" FOR ALL PURPOSES UNDER THE ELECTRONIC SIGNATURES IN GLOBAL AND NATIONAL COMMERCE ACT AND THE UNIFORM ELECTRONIC TRANSACTIONS ACT.

20. **Registration of Note Owners**. I have appointed Prosper Funding LLC as my authorized agent (in such capacity, the "Note Registrar") to maintain a book-entry system (the "Register") for recording the beneficial owners of interests in this Note (the "Note Owners"). The person or persons identified as the Note Owners in the Register shall be deemed to be the owner(s) of this Note for purposes of receiving payment of principal and interest on such Note and for all other purposes. With respect to any transfer by a Note Owner of its beneficial interest in this Note, the right to payment of principal and interest on this Note shall not be effective until the transfer is recorded in the Register.

21. **State Notices**

California Residents

Married registrants may apply for a separate account. As required by law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations.

Iowa Residents

NOTICE TO CONSUMER: 1. Do not sign this paper before you read it. 2. You are entitled to a copy of this paper. 3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law.

**IMPORTANT: READ BEFORE SIGNING. The terms of this agreement should be read carefully because only those terms in writing are enforceable. No other terms or oral promises not contained in this written contract may be legally enforced. I may change the terms of this agreement only by another written agreement.**

Kansas Residents

NOTICE TO CONSUMER: 1. Do not sign this agreement before you read it. 2. You are entitled to a copy of this agreement. 3. You may prepay the unpaid balance at any time without penalty.

Missouri Residents

**Oral or unexecuted agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable. To protect me (borrower(s)) and you (creditor) from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it.**

Nebraska Residents

A credit agreement must be in writing to be enforceable under Nebraska law. To protect you and me from any misunderstandings or disappointments, any contract, promise, undertaking, or offer to forebear repayment of money or to make any other financial accommodation in connection with this loan of money or grant or extension of credit, or any amendment of, cancellation of, waiver of, or substitution for any or all of the terms or provisions of any instrument or document executed in connection with this loan of money or grant or extension of credit, must be in writing to be effective.

New Jersey Residents

Because certain provisions of this Note are subject to applicable laws, they may be void, unenforceable or inapplicable in some jurisdictions. None of these provisions, however, is void, unenforceable or inapplicable in New Jersey.

Ohio Residents

The Ohio laws against discrimination require that all creditors make credit equally available to all credit worthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio civil rights commission administers compliance with this law.

As required by Utah law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations.

This Note is the final expression of the agreement between the parties and may not be contradicted by evidence of any alleged oral agreement.

<u>Washington Residents</u>

For primarily non-consumer purpose loans: Oral agreements or oral commitments to loan money, extend credit or to forbear from enforcing repayment of a debt are not enforceable under Washington law.

<u>Wisconsin Residents</u>

No provision of a marital property agreement, a unilateral statement or a court decree adversely affects the interest of the creditor unless the creditor, prior to the time the credit is granted, is furnished a copy of the agreement, statement or decree or has actual knowledge of the adverse provision when the obligation to the creditor is incurred.

22. **Military Lending Act.** The Military Lending Act provides specific protections for active duty service members and their dependents in consumer credit transactions. This Section includes information on the protections provided to covered borrowers as defined in the Military Lending Act.

(a) Statement of MAPR.

Federal law provides important protections to members of the Armed Forces and their dependents relating to extensions of consumer credit. In general, the cost of consumer credit to a member of the Armed Forces and his or her dependent may not exceed an annual percentage rate of 36 percent. This rate must include, as applicable to the credit transaction or account: The costs associated with credit insurance premiums; fees for ancillary products sold in connection with the credit transaction; any application fee charged (other than certain application fees for specified credit transactions or accounts); and any participation fee charged (other than certain participation fees for a credit card account).

(b) Section 18 of this Note shall not be applicable to, and shall not be enforceable against, a covered borrower as defined in the Military Lending Act.

(c) Oral Disclosures. Please call 1-855-993-2967 to obtain oral disclosures, including the statement of MAPR and the payment schedule applicable to your loan, required under the Military Lending Act.

23. By signing this Note, I acknowledge that I (i) have read and understand all terms and conditions of this Note, (ii) agree to the terms set forth herein, and (iii) acknowledge receipt of a completely filled-in copy of this Note.

Wisconsin Residents: NOTICE TO CUSTOMER: (a) DO NOT SIGN THIS IF IT CONTAINS ANY BLANK SPACES. (b) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN. (c) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT AND YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.

**CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.**

Date: _____

By: Prosper Marketplace, Inc.

Attorney-in-Fact for:

_____ [Borrower]

(Signed Electronically)

Last Updated: June 2018



| Court's Address and Phone Number: | **Superior Court of New Jersey** |
|---|---|
| ATLANTIC Special Civil Part | **Law Division, Special Civil Part** |
| 1201 BACHARACH BOULEVARD | **ATLANTIC** County |
| ATLANTIC CITY, NJ 08401-0000 | Docket No: **ATL-DC-004469-23** |
| 609-402-0100 ext.47770 | **Civil Action** |
| | **CONTRACT DISPUTE** |

## YOU ARE BEING SUED!

| **Person or Business Suing You (*Plaintiff*)** | **Person or Business Being Sued (*Defendant*)** |
|---|---|
| ABSOLUTE RESOLUTIONS INVESTMENTS, LLC, CURRENT ASSIGNEE (WEBBANK, ORIGINAL CREDITOR) | TONI V WILSON |

**Plaintiff's Attorney Information**

IAN ZEV WINOGRAD
PRESSLER FELT & WARSHAW, LLP
7 ENTIN RD
PARSIPPANY, NJ 07054-9944
973-753-5100

**The Person or Business Suing You Claims You Owe the Following:**

| | |
|---|---|
| Demand Amount | $3560.38 |
| Filing Fee | $50.00 |
| Service Fee | $7.00 |
| Attorney's Fees | $0.00 |
| **TOTAL** | **$3617.38** |

### FOR JUDICIARY USE ONLY

In the attached complaint, the person or business suing you briefly tells the court his or her version of the facts of the case and how much money he or she claims you owe. **If you do not answer the complaint, you may lose the case automatically and the court may give the plaintiff what the plaintiff is asking for, plus interest and court costs. You have 35 days from the date of service to file your answer or a signed agreement.** If a judgment is entered against you, a Special Civil Part Officer may seize your money, wages or personal property to pay all or part of the judgment. The judgment is valid for 20 years.

**IF YOU DISAGREE WITH THE PLAINTIFF'S CLAIMS, A WRITTEN ANSWER OR SIGNED AGREEMENT MUST BE RECEIVED BY THE COURT ABOVE, ON OR BEFORE 11/08/2023, OR THE COURT MAY RULE AGAINST YOU. IF YOU DISAGREE WITH THE PLAINTIFF, YOU MUST DO ONE OR BOTH OF THE FOLLOWING:**

1. ***Answer the complaint***. An answer form that will explain how to respond to the complaint is available at any of the New Jersey Special Civil Part Offices or on the Judiciary's Internet site njcourts.gov under the section for Forms. If you decide to file an answer to the complaint made against you:
   - Fill out the Answer form AND pay the applicable filing fee by check or money order payable to: ***Treasurer, State of New Jersey***. Include **ATL-DC-004469-23** (your Docket Number) on the check.
   - Mail or hand deliver the completed Answer form and the check or money order to the court's address listed above.
   - Hand deliver or send by regular mail a copy of the completed Answer form to the plaintiff's attorney. If the plaintiff does not have an attorney, send your completed answer form to the plaintiff by regular and certified mail. This MUST be done at the same time you file your Answer with the court on or before **11/08/2023**.

2. ***Resolve the dispute.*** Contact the plaintiff's attorney, or contact the plaintiff if the plaintiff does not have an attorney, to resolve this dispute. The plaintiff may agree to accept payment arrangements. If you reach an agreement, mail or hand deliver the **SIGNED** agreement to the court's address listed above on or before **11/08/2023**.

**Please Note - You may wish to get an attorney to represent you.** If you cannot afford to pay for an attorney, free legal advice may be available by contacting Legal Services at 609-348-4200. If you can afford to pay an attorney but do not know one, you may call the Lawyer Referral Services of your local County Bar Association at 609-345-3444. Notify the court now if you need an interpreter or an accommodation for a disability for any future court appearance.

**/s/ Michelle M. Smith**

Clerk of the Superior Court



| | |
|---|---|
| Dirección y teléfono del tribunal<br>Parte Civil Especial de ATLANTIC<br>1201 BACHARACH BOULEVARD<br>ATLANTIC CITY, NJ 08401-0000<br>609-402-0100 ext.47770 | **El Tribunal Superior de Nueva Jersey**<br>**División de Derecho, Parte Civil Especial**<br>Condado de **ATLANTIC**<br>Número del expediente **ATL-DC-004469-23**<br>Demanda de Acción Civil<br>NOTIFICACIÓN DE DEMANDA<br>CONTRACT DISPUTE |

## ¡LE ESTÁN DEMANDANDO!

| **Persona o entidad comercial que le está demandando** *(el demandante)* | **Persona o comercial ser demandada** *(el demandado)* |
|---|---|
| ABSOLUTE RESOLUTIONS INVESTMENTS, LLC, CURRENT ASSIGNEE (WEBBANK, ORIGINAL  CREDITOR)<br><br>**Información sobre el abogado del demandante**<br>IAN ZEV WINOGRAD<br>PRESSLER FELT & WARSHAW, LLP<br>7 ENTIN RD<br>PARSIPPANY, NJ 07054-9944<br>973-753-5100 | TONI V WILSON<br><br>**La persona o comercial que le está demandando afirma que usted le debe lo siguiente:** |

| | |
|---|---:|
| Cantidad a la vista | $3560.38 |
| Tasa judicial | $50.00 |
| Cargo del emplazamiento | $7.00 |
| Honorarios del abogado | $0.00 |
| **TOTAL** | **$3617.38** |

### PARA USO EXCLUSIVO DEL PODER JUDICIAL

En la demanda adjunta la persona o entidad comercial que le está demandando le informa brevemente al juez su versión de los hechos de la causa y la suma de dinero que afirma que usted le debe. **Si usted no responde a la demanda puede perder la causa automáticamente y el juez puede dar al demandante lo que está pidiendo más intereses y los costos legales. Usted tiene 35 días a partir de la fecha del emplazamiento para presentar su respuesta o un acuerdo firmado.** Si se dicta un fallo en su contra, un Oficial de la Parte Civil Especial puede embargar su dinero, sueldo o sus bienes muebles (personales) para pagar todo el fallo o una parte del mismo. El fallo es válido por 20 años.

**SI USTED NO ESTÁ DE ACUERDO CON LAS ALEGACIONES DEL DEMANDANTE, EL TRIBUNAL TIENE QUE RECIBIR UNA RESPUESTA POR ESCRITO O UN ACUERDO FIRMADO PARA EL 11/08/2023 O ANTES DE ESA FECHA, O EL JUEZ PUEDE EMITIR UN FALLO EN SU CONTRA. SI USTED NO ESTÁ DE ACUERDO CON EL DEMANDANTE, DEBE HACER UNA DE LAS SIGUIENTES COSAS O LAS DOS:**

1. *Responder a la demanda*. Un formulario de respuesta que le explicará cómo responder a la demanda está disponible en cualquiera de las Oficinas de la Parte Civil Especial de Nueva Jersey o en el sitio Internet del Poder Judicial njcourts.gov bajo la sección de formularios (Forms). Si usted decide presentar una respuesta a la demanda que se hizo en su contra:
   - Llene el formulario de Respuesta Y pague la tasa judicial de presentación que corresponda mediante un cheque o giro bancario o postal acreditable al: "*Treasurer, State of New Jersey* " (Tesorero del Estado de Nueva Jersey). Incluya **ATL-DC-004469-23** (el número de su expediente) en el cheque.
   - Envíe por correo el formulario de Repuesta llenado y el cheque o giro bancario o postal a la dirección del tribunal que figura más arriba, o entréguelos personalmente en dicha dirección.
   - Entregue personalmente o envíe por correo común una copia del formulario de Repuesta llenado al abogado del demandante. Si el demandante no tiene abogado, envíe su formulario de respuesta llenado al demandante por correo común y por correo certificado. Esto SE TIENE que hacer al mismo tiempo que presente su Respuesta al tribunal a más tardar el **11/08/2023.**

   2. *Resolver la disputa.* Comuníquese con el abogado del demandante, o con el demandante si éste no tiene abogado, para resolver esta disputa. El demandante puede estar de acuerdo con aceptar arreglos de pago. **Si llegara a un acuerdo, envíe por correo o entregar personalmente el acuerdo FIRMADO** a la dirección del tribunal que figura más arriba, o entréguelo personalmente en dicha dirección a más tardar el **11/08/2023**.

**Nota - Puede que usted quiera conseguir que un abogado para que lo represente.** Si usted no puede pagar a un abogado, podría obtener consejos legales gratuitos si se comunica con Legal Services (Servicios Legales) llamando al 609-348-4200. Si usted puede pagar a un abogado, pero no conoce a ninguno, puede llamar al Lawyer Referral Services (Servicios de Recomendación de Abogados) del Colegio de Abogados (Bar Association) de su condado local al 609-345-3444. Notifique al tribunal ahora si usted necesita un intérprete o un arreglo por una discapacidad para cualquier comparecencia futura en el tribunal.

**/s/ Michelle M. Smith**

Subsecretario(a) del Tribunal Superior